HARVARD
LAW SCHOOL
LIBRARY

## AUGUST WALLBAUM

### *v*

## EDWIN HASKIN *et al.*

RULES OF PRACTICE—*in the Superior Court of Chicago.* The rule of practice adopted by the Superior Court of Chicago, which permits a plaintiff in any case

*ex contractu,* pending on an issue of fact only, or only requiring the *similiter* to be added, to bring the same to trial out of its regular order on the trial calendar, upon affidavit that he believes the defense is made only for delay, and giving five days' notice, unless it shall be made to appear by affidavit of facts in detail that the defense is made in good faith, does not contravene any law governing that court, and is within its power to adopt.

APPEAL from the Superior Court of Chicago ; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought in the court below, by Haskin and others against Wallbaum. The defendant pleaded the general issue, and filed his affidavit of merits. The cause was placed upon the trial calendar, and set down for trial on Friday, the 27th day of December, 1867.

On the 9th day of December, preceding the day for which the cause was set for trial on the regular calendar, one of the plaintiffs filed his affidavit that he believed the defense therein was made only for delay, and on the same day the plaintiffs gave the defendant notice that they would bring the cause on for trial at the opening of the court on the 16th day of that month, or as soon thereafter as the court would try the same.

This action of the plaintiffs was had under the following rule of the court below :

" *Ordered,* That in any case *ex contractu,* pending on an issue, or issues of fact only, or only requiring the *similiter* to be added, which is noticed for trial at any term, if the plaintiff, or an attorney or agent of the plaintiff, shall make an affidavit that he or she believes that the defense is made only for delay, the plaintiff, by giving the defendant's attorney, or the defendant, if he or she do not appear by attorney, five days' previous notice, with a copy of such affidavit, that the plaintiff will bring on said case for trial at the opening of court, on a day of such term to be specified in such notice, or as soon thereafter as the court will try the same, may proceed to a trial at the

time specified in said notice, unless it should be made to appear to the court, by affidavit of facts in detail, that the defense is made in good faith, when the case will remain, to be tried in its regular order on the trial calendar."

On the 16th day of December, the same was called for trial, on the motion of the plaintiffs, and thereupon the defendant objected to having the cause tried out of its proper order as originally set for trial on the regular calendar, insisting the rule of the court under which it was sought to bring on the trial of the cause at an earlier day, was contrary to law. The court overruled the defendant's objection, and proceeded with the trial on the 16th of December, which resulted adversely to the defendant, and he thereupon took this appeal.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Messrs. BATES & TOWSLEE, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

In the case of *Owens* v. *Ranstead*, 22 Ill. 161, this court said, that every court of record has an inherent power to prescribe rules of practice, being only limited to their reasonableness and conformity to constitutional or legislative enactments— that without this power, it would be impossible to dispatch business, and delays would be interminable.

The rule in question, prevailing in the Superior Court of Chicago, has in it no quality contravening any legislation on the subject of practice in that court, but is calculated to give full effect to sec. 3 of the act regulating the practice in the circuit and common pleas courts of Cook county, approved Feb. 12, 1853, which latter court is now known and designated as the Superior Court of the City of Chicago.

That section requires that, accompanying the plea to the action, there shall be an affidavit of merits. Full effect is given to this requirement by the rule in question, and no party can be taken by surprise, as the rule provides that five days' previous notice shall be given to the opposite party, with a copy of the affidavit on which application will be made to bring on the cause for trial. To avoid the effect of this application, the opposite party has only to make affidavit of the facts in detail, that the defense is made in good faith. In this particular case, the defendant does not pretend he has any defense.

The judgment of the superior court is affirmed.

*Judgment affirmed.*