## JACOB FRANK *et al.*

### *v.*

### JAMES MORRIS.

1 PRACTICE—*affidavit of merits.* Where a plea of usury in a suit in the Superior Court of Chicago, averred that defendant had paid one hundred and fifty dollars for forbearance in the payment of $3,850, for seventy-five days, and the affidavit of merits required by a rule of that court stated that the note sued on was given for the balance due on another note and that defendant paid one hundred and twenty-five dollars for forbearance in the payment of such balance for seventy-eight days: *Held,* that the affidavit of merits was insufficient, inasmuch as the defense it disclosed could not be given in evidence under the plea of usury.

2. PLEA—*variance.* Where a plea of usury averred the payment of one hundred and fifty dollars to procure forbearance, and the evidence showed but one hundred and twenty-five dollars thus paid: *Held,* there was such a variance as to exclude the evidence. The defense of usury being penal in its nature the proof must be strict to sustain the defense.

3. NON ASSUMPSIT—*evidence of usury under.* As usury rendered the contract void at the common law, it could be proved under the plea of non assumpsit, like any other defense which showed the contract void, released or discharged. But under our statute the creditor only forfeits the entire interest, and hence the defense does not render the contract void or defeat a recovery of the principal, and the reason for allowing the defense under the plea of non assumpsit does not apply, and the defense of usury must be made by special plea, under our statute.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the facts of the case.

Messrs. GOOKINS & ROBERTS, for the appellants.

Messrs. JEWETT, JACKSON & SMALL, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Three questions are presented by the record, in this case.

The question of practice arises upon the rule of the Superior Court of Chicago, referred to and approved by this court in the case of *Wallbaum* v. *Haskin,* 49 Ill. 313.

In the Superior Court an action in assumpsit was instituted on this note :

$4,000.                          Chicago, November 8, 1869.

Seventy-five days after date we promise to pay to the order of James Morris, Four Thousand Dollars at Leopold, Mayer & Steine, Chicago, Ills., value received.

[U. S. Rev. Stamp $2.]                 JACOB H. FRANK,
                                       G. GOLDSCHMIDT.

The general issue was filed, and a special plea of usury, alleging, in substance, that the note sued on was for the loan of three thousand eight hundred and fifty dollars, principal, and one hundred and fifty dollars, interest for the forbearance of that sum for seventy-five days.

Issue was joined and the usual affidavit of merits, under said rule, was filed. Thereupon appellants filed an affidavit, detailing the facts, for the purpose of showing that the defense was made in good faith, alleging that appellee held their note for eight thousand dollars; that the note sued on was for the balance due on said first note; and that for forbearance of payment for seventy-eight days, they paid, as interest, to appellee, one hundred and twenty-five dollars. The court ordered the cause to be then tried, as though no affidavit had been filed.

This was not error. Under the pleading the facts were not admissible. The rule required that it should be made to appear to the court, that the defense was made in good faith. A detail of facts which the law will not permit to be proved, does not constitute " good faith," within the meaning of the rule.

The note having been received in evidence, the appellants offered to prove the facts set forth in their affidavit. This was refused, and this refusal is assigned for error.

Was the variance between the plea and the evidence offered, of such a character as to justify the court in the exclusion of the evidence? Did the statement of the time and sum, under a *videlicet,* aid the defective plea? When the matter alleged in a plea is material and traversable, the statement of such

140 FRANK *et al. v.* MORRIS. [Sept. T.,

Opinion of the Court.

matter under a *videlicet* will not avoid the consequences of a variance. Such matter, if traversed, must be proved. 1 Chitty, 317; Gould's Pleadings, 70. The plea alleged the payment of one hundred and fifty dollars, for the forbearance for seventy-five days; the evidence offered, was the payment of one hundred and twenty-five dollars, for forbearance for seventy-eight days.

Where usury is specially pleaded, the proof must correspond with the pleading; and unless such correspondence exist, the proof must be rejected. Such a defense is in the nature of a penal action, and great strictness is required in pleading it. *Beach* v. *Fulton Bank*, 3 Wend. 575; *Smith* v. *Brush*, 8 Johns. 83; *Lawrence* v. *Knies*, 10 Johns. 140. In the last case the court say: " The rule even requires the contract to be more precisely stated in a plea of usury than in a declaration in a *qui tam* suit, because the facts are within the defendant's knowledge." We think that the variance in the sum is fatal, and that the court properly rejected the evidence under the special plea.

Was the defense of usury admissible under the plea of non assumpsit? At common law such a defense could be made under this plea, for usury made the contract void. Our statutes have never made an usurious contract void. At common law usury is a bar to any recovery; under our law it is only a partial defense. As it is in the nature of a penal action, and he who attempts to avail himself of it should be held to strict proof, (*Hancock* v. *Hodgson*, 3 Scam. 331; *Law* v. *Merrils*, 6 Wend. 279,) the rule governing a defense which wholly defeats the action, should not prevail. Usury might be given in evidence under non assumpsit, at common law, for such proof showed that the plaintiff never had cause of action. Lord Chief Baron GILBERT says: "On this issue, (non assumpsit) every thing may be given in evidence which disaffirms the contract, for that goes to the *gist* of the action, since if there be no contract to be performed at the commencement of the action, there could be no trespass for non-performance of it, and

therefore a release goes to the *gist* of the action, for it shows there was no contract at the time it was commenced. So every thing which shows the contract to be void may be given in evidence under the general issue, for on a void contract the plaintiff has no right of action. Whatever goes to show there was no contract, or that it was performed, or paid, or released, goes to the *gist* of the action, and need not be pleaded. " The present case is not embraced by this rule, nor by the reasons of it. In this case, the plaintiff in the court below was only subject to a forfeiture of the whole of the interest, if the usury had been proved. To enforce this forfeiture a special plea is necessary.

It has been urged in argument, that a contrary doctrine is established in *Stockham* v. *Munson*, 28 Ill. 53. We do not so construe it. There are *dicta* in the opinion looking in that direction. The instrument declared on, in that case, bore thirty-six per cent interest on its face, and the decision is, that a special plea of usury was unnecessary, for the reason that the usury appeared by the contract and in the declaration. It was therefore pleaded by the plaintiff, and it would have been the merest folly to have required the defendant to replead it.

This court has decided, since the act of January 31st, 1857, (the latest enactment upon the subject of interest,) that the defense of usury should be by special plea. The section of the statute of 1857, embracing the forfeiture, is quoted in the opinion. *Hadden* v. *Innes*, 24 Ill. 384.

We therefore think that the reasons for the common law rule, which permits the usurious contract to be given in evidence under the general issue, do not obtain in this State; and that it is more in consonance with the intent of the statute, that this defense should be specially made.

The judgment of the Superior Court is therefore affirmed.

*Judgment affirmed.*

JUSTICES MCALLISTER SHELDON and WALKER, dissent.