THOMAS J. COX

*v.*

THE MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

*Filed at Springfield March 30, 1885.*

USURY—*commissions paid to agent by the borrower.* The fact that an agent, without the authority, consent or knowledge of his principal, upon loaning the money of the latter exacts from the borrower a sum in excess of lawful interest, does not make the loan usurious.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of McLean county; the Hon. FRANKLIN BLADES, Judge, presiding.

Messrs. WILLIAMS, BURR & CAPEN, and Messrs. STEVENSON & EWING, for the appellant:

A loan agent who is required to learn the situation of property given in security for money loaned, appoint appraisers to ascertain its value, employ attorneys to examine the abstracts of title, prepare the notes and deeds of trust to be executed by the borrower, receive the drafts and pay the money over to the borrower, is the agent of the lender in making the loan of money. *Payne* v. *Newcomb*, 100 Ill. 611.

A money lender will be charged with notice of the commissions paid to his agent, where it is understood between the lender and his agent that the latter, in effecting a loan from the former, is to get his commissions from the borrower for his services in examining the title to the property, having the same appraised, etc. *Payne* v. *Newcomb*, 100 Ill. 611.

If the agent, with the consent or knowledge of the money lender, makes a loan, and receives compensation from the borrower for his services, the transaction is usurious. *Philo* v. *Butterfield*, 3 Neb. 259 ; *Cheney* v. *White*, 5 id. 261.

As long as any portion of the principal remains upon which the usurious interest accrued and was paid, such usurious interest may be deducted from or set off against the remaining principal, and this can not be prevented by a settlement between the parties. The settlement is not conclusive where there is usury. *Payne* v. *Newcomb*, 100 Ill. 611.

The requirement that the borrower should take a life insurance policy in connection with the loan, and as a condition upon which the loan was granted, the highest legal rate of interest being reserved in the notes, makes the loan usurious. *Life Ins. Co.* v. *Harvey*, 7 Fed. Rep. 805 ; *Insurance Co.* v. *Kittle*, 1 McCrary, U. S. Circuit Ct. Rep. 234.

Messrs. STUART, EDWARDS & BROWN, for the appellee:

The fact that an agent, without the knowledge or authority of his principal, upon loaning the money of the latter exacts

a sum in excess of lawful interest, does not make the loan usurious. (*Phillips* v. *McKellar*, 92 N. Y. 34.)   No decision of this court is in conflict with this view.

To make a loan usurious, there must be an intent on the part of the lender to take more than the legal rate of interest. *Palmer* v. *Call*, 7 Fed. Rep. 720.

Mr. Justice Sheldon delivered the opinion of the Court:

This is an appeal from a decree of foreclosure of a mortgage.   The error assigned is in finding against the defence of usury, which was set up.

In 1875, Thomas J. Cox borrowed of the Massachusetts Mutual Life Insurance Company, through one Tillotson, at Bloomington, $3000, executing his note to the company for that sum, bearing ten per cent interest, (the highest legal rate of interest,) and giving a mortgage to secure the payment of the note, upon the land described in the bill.   At the time, Cox allowed to Tillotson a commission of five per cent, ($150,) which was retained by the latter from the money.   In July, 1880, the note maturing, Cox made application to Tillotson for a renewal of the loan, which Tillotson obtained, and Cox gave his note to the insurance company for $3000, bearing eight per cent interest, (the then highest legal rate of interest,) secured by mortgage on the same land, receiving no money whatever.   On this occasion Cox paid to Tillotson a commission of $75.   The last mentioned mortgage is the one foreclosed by the decree.

It appears from the proofs that Tillotson was engaged in the insurance, loan and real estate business, in Bloomington, Illinois ; that Cox came to his office and made an application for the loan.   Tillotson forwarded the application, with an appraisement, by appraisers, of the value of the property, to the insurance company.   The latter accepted the application, and forwarded a draft for $3000, the amount of the loan.

Tillotson was the agent for the insurance company, soliciting applications for life insurance, in Bloomington, during the years 1874 to 1881, but, as testified to, was not the agent of the company for any other purpose.   It appears that during the years 1875 and 1876 there were thirty-six loans made by the insurance company in Bloomington, through Tillotson, but in each case a written application for the loan was made by the borrower to Tillotson, who forwarded the same to the insurance company, for its acceptance or rejection.   Any commissions received by Tillotson appear to have been without the authority or knowledge of the insurance company, and without its participation in them in any way, or in any benefit from them.   They were a matter solely between Cox and Tillotson, paid by the former to the latter for his benefit, alone, under Cox's employment of Tillotson to obtain the loan for him.   There is nothing of usury in such a transaction. The fact that an agent, without the authority, consent or knowledge of his principal, upon loaning the money of the latter, exacts from the borrower a sum in excess of lawful interest, does not make the loan usurious.   *Phillips* v. *McKellar*, 92 N. Y. 34; *Palmer* v. *Call*, 7 Fed. Rep. 730; *Ballinger* v. *Bourland*, 87 Ill. 513, and authorities there cited; *Phillips* v. *Roberts*, 90 id. 492; *Boylston* v. *Bain*, id. 283.

*Payne* v. *Newcomb*, 100 Ill. 611, referred to by appellant's counsel as favoring a contrary view, is quite another case than the one before us, and does not apply to the facts of the present case.   There, services were rendered by the loan agent for the lender of the money, and the commission paid by the borrower to the agent was paid under a pre-arrangement made between the lender and the agent that the latter should get his compensation for the services rendered by him to the lender, by charging commissions to the borrower. Nothing of that kind appears here.

The decree will be affirmed.

*Decree affirmed.*