MARGARET A. HALDEMAN *et al.*

*v.*

THE MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

*Filed at Springfield March 23, 1887.*

1. USURY— *commissions paid to loan agent.* The payment of commissions to a loan agent or broker, by the borrower, for procuring a loan of money, and afterward a commission for obtaining a renewal of the loan, in addition to the full legal rate of interest, will not render the transaction usurious, when the lender has nothing to do with the commissions paid.

2. SAME—*reservation for attorney's fee.* A loan of money at the highest rate of interest allowed. by the statute, secured by a mortgage, will not be usurious, merely from the fact of a stipulation in the mortgage that a solicitor's fee of $100 shall be taxed as costs in case a bill should be filed to foreclose.

3. ATTORNEY'S FEE—*taxable as costs.* Under a clause in a mortgage providing that the sum of $100, solicitor's fee, "shall become due and payable immediately upon bill filed" to foreclose the mortgage, the solicitor's fee may properly be taxed as a part of the costs in the foreclosure suit.

4. CHANCERY PRACTICE—*exception to master's report—in case of an improper allowance.* If a master in chancery, in reporting the sum due on bill to foreclose a mortgage, should improperly tax an attorney's fee against the defendant, exception should be taken to such item, so as to enable the court to correct the error.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding.

Messrs. TIPTON & BEAVER, for the plaintiffs in error:

The principal upon which usury is allowed as a defence is, that the parties are not *in pari delicto*, the borrower being under such moral duress as to take from him the character of *particeps criminis*. *Hewitt* v. *Dement*, 57 Ill. 500.

An agreement in a mortgage and note to pay the attorney's fees if there should have to be a foreclosure, is usurious. *Thomasson* v. *Townsend*, 10 Bush, 114.

Authority to make a usurious loan will not be presumed where the agency is special, and limited to a single transaction; but it may be presumed where the agency is general, and embraces the business of making, managing and collecting the interest of a moneyed man. *Rogers* v. *Buckingham*, 33 Conn. 81; *Austin* v. *Harrington*, 28 Vt. 130.

Every subsequent security given for a loan originally usurious, however remote or often renewed, is void. *Walker* v. *Washington Bank*, 3 How. 62; *Sugart* v. *Mays*, 54 Ga. 554; *Price* v. *Lyons Bank*, 33 N. Y. 55.

The shifts and devices of usurers to evade the statute against usury, have taken every shape and form that the wit of man could devise, but none have been allowed to prevail. Courts have been astute in getting at the true intent of the parties, and giving effect to the statute. *Quackenboss* v. *Sayer*, 62 N. Y. 347.

The court erred in taxing the $100 solicitor's fee as costs in this case. The mortgage provides that the sum of $100, solicitor's fee, "shall become due and payable immediately upon filing bill to commence suit." Now, this sum was not due until after suit was brought, and we respectfully submit that it was error to enter a decree taxing the same as costs. In support of this view we cite the following cases: *Nickerson* v. *Babcock*, 29 Ill. 497; *Byers* v. *National Bank*, 86 id. 427; *Dowty* v. *Holtz*, 85 id. 525; *Easter* v. *Boyd*, 79 id. 325; *Clark* v. *Morgan*, 13 Bradw. 597.

Mr. A. E. DE MANGE, for the defendant in error:

The fact that an agent, without the knowledge or consent of his principal, upon loaning the money of the latter exacts from the borrower a sum in excess of the lawful interest, does not make the loan usurious. *Cox* v. *Insurance Co.* 113 Ill. 382; *Phillips* v. *Roberts*, 90 id. 492; *Hoyt* v. *Pawtucket, etc.* 110 id. 394.

Parties may stipulate for the payment of an attorney's fee in case suit is brought.  *City* v. *Kimball,* 90 Ill. 356; *Railroad Co.* v. *Beckemeier,* 72 id. 267.

Parties are concluded by the master's report, where no exceptions are interposed.  *Jewell* v. *Paper Co.* 101 Ill. 58; *Pennell* v. *Insurance Co.* 73 id. 303.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This case is brought before us by writ of error to the Appellate Court for the Third District, which affirmed a decree of the circuit court of McLean county, foreclosing a mortgage.

In January, 1876, Margaret A. Haldeman borrowed of the Massachusetts Life Insurance Company, through Tillotson & Wait, at Bloomington, $3600, she and her husband executing their bond to the company for that sum, bearing ten per cent interest, and giving a trust deed, to secure the payment of the bond, upon the land described in the bill.  At the time, John R. Haldeman, husband of Margaret A., allowed to Tillotson & Wait a commission of five per cent ($180), which was retained by the latter from the money.  In January, 1881, the bond maturing, Haldeman and wife made application to Tillotson & Fell, successors of Tillotson & Wait, for a renewal of the loan, which Tillotson & Fell obtained, and Haldeman and wife gave their bond to the insurance company for $3600, bearing eight per cent interest, (the then highest legal rate of interest), secured by trust deed on the same land, receiving no money whatever.  On this occasion Haldeman paid to Tillotson & Fell a commission of $80.  The last mentioned trust deed is the one foreclosed by the decree.

The facts of this case, with the exception of the $100, allowed for attorney's fees, as hereafter stated, are almost the same as the facts in the case of *Cox* v. *Massachusetts Life Ins. Co.* 113 Ill. 382.  There, a commission of $150 was paid on the original loan, and a commission of $75 for the renewal

of the loan, and it was held, that there was nothing of usury in the charge and payment of such commissions. The question in this case is, whether, under a similar state of facts to that which is stated and discussed in the *Cox case,* the payment of the commissions above named of $180 and $80 constitutes usury. The opinion in the case referred to is decisive of the present case upon the question of usury.

The trust deed in this case contained a stipulation, that a solicitor's fee of $100 might be taxed as a part of the costs, in case a bill should be filed, to foreclose. We think, upon the authority of *Dunn* v. *Rodgers,* 43 Ill. 260, and *Clawson* v. *Munson,* 55 id. 394, that the circuit court committed no error in allowing the attorney's fee to be taxed as a part of the costs.

If such allowance by the master in his report to the circuit court had been an improper one, appellants should have called attention to it by an exception to the master's report, specifically pointing out the objectionable item. This was not done. If such an exception had been filed before the master, the circuit court could have corrected whatever error, if any, may have been committed in taxing the fee.

Counsel for plaintiffs in error claim, that an agreement in a mortgage for an attorney's fee, such as is above set forth, is usurious. To sustain this claim, he refers to *Thomasson* v. *Townsend,* 10 Bush, (Ky.) 114. The Kentucky case seems to support the view, contended for by counsel, but it lays down a doctrine inconsistent with our decisions, and notably with the cases in 43 and 55 Ill. above referred to. A contract in a mortgage, that an attorney's fee, which is reasonable in amount, may be taxed as a part of the costs, in a suit to foreclose the mortgage, is not regarded as usurious in this State. We have sustained such contracts as valid.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*