## ELIAS HOSKINS ET AL.
## v.
## GRANVILLE M. COLE.

*Mortgages — Foreclosure — Usury — Pleading — Variance—Compound Interest.*

1. A plea or answer in chancery setting up usury as a defense, must set out specifically in what the usury consists, and the proof must sustain the specific allegations.

2. Taking interest in advance at legal rate is not usury. So, too, a debtor or debtors, on settlement, may allow interest on annual interest due and unpaid, and this will not make the transaction usurious.

3. The note in the case at bar was not usurious upon its face and did not constitute an agreement in advance to pay compound interest.

4. The omission from a mortgage, in the description of the note it was given to secure, of a nugatory clause in the note, does not constitute vari-

ance, the description being according to the legal tenor and effect of the note.

5. There being a conflict of evidence as to the specific charge of usury set up in the answer, the decision of the chancellor on that point will not be disturbed.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Madison County; the Hon. WM. H. SNYDER, Judge, presiding.

Messrs. WISE & DAVIS, and E. C. & W. F. SPRINGER, for appellants.

Messrs. DALE & BRADSHAW, for appellee.

REEVES, P. J.   This is a bill to foreclose a mortgage given by appellants to appellee.   The defense is usury.   The defense was not sustained by the Circuit Court, but a decree was entered for the balance due on the note and mortgage.

It is urged that the court erred in admitting the note and mortgage in evidence over the objection of appellants.   It is claimed that the bill did not correctly describe the mortgage offered in evidence and that there is a variance between the note offered in evidence and that described in the mortgage. The note is as follows:

"$7.042                    EDWARDSVILLE, ILL., February 21, 1884.

"One year after date, for value received, I promise to pay Granville M. Cole, or order, seven thousand and forty-two dollars, with interest at the rate of eight per cent per annum from maturity until paid, *and if the interest be not paid when due, to become as principal, and bear the same rate of interest.*
                                              "ELIAS HASKINS."

The mortgage recites that it was given to secure the payment of the principal sum of $7,042 and such interest as may accrue thereon, according to the tenor and effect of one certain promissory note executed by said Elias Haskins, bearing even date with said mortgage, payable to the order of Granville M. Cole one year after date, with interest at the rate of eight per cent

per annum from maturity. The bill describes the note in all its terms and alleges that appellants, to secure the payment of the principal and interest mentioned in said promissory note, made the mortgage conditioned for the payment of the said sum of money and interest mentioned in said promissory note according to the tenor and effect thereof. As will be seen later on, the mortgage correctly describes the note according to its tenor and effect, and there is no variance between the note offered in evidence, according to its tenor and effect, and that described in the mortgage.

The answer did not set up usury except as to $50, as is required in pleading usury. The rule, as we understand it, is that a plea of usury or answer in chancery setting up usury, must set out specifically in what the usury consists and the proof must sustain the specific allegations. The allegations as to usury, except as to the $50, are general and specific.

Taking interest in advance at the legal rate is not usury. McGill v. Ware, 4 Scam. 21; Goodrich v. Reynolds, 31 Ill. 490; Mitchell v. Lyman, 77 Ill. 525.

A debtor, on settlement, may, if he chooses, allow interest on annual interest due and unpaid, and this will not render the transaction usurious. Haworth v. Huling, 87 Ill. 23.

It is contended that the note by its terms is usurious. The clause, "and if the interest be not paid when due, to become as principal and bear the same interest," is the basis upon which this contention is sought to be maintained. It is shown that the note was made upon a printed blank. The note was due one year after date, and bore interest only after maturity, and after that, is not payable annually. There is no time fixed when the interest that accrues after maturity shall be paid. It would only be due when the note was paid or collected. If the note had run more than one year, with interest from date, and interest payable annually, then the contention of appellants would have some force, that this stipulation was an operative agreement, in advance, to pay compound interest. As no interest could, upon this note, be due until it was paid or collected, this stipulation was nugatory. There was nothing upon which it could operate.

Usury can not arise out of an independent nugatory agreement. The mortgage, therefore, described the note according to its legal tenor and effect when it omitted this part of it.

As to the $50 charged to have been reserved by appellee beyond what he was entitled to, in making up the amount of the note, the proof is conflicting. Cole denies that he computed compound interest on the security notes, which formed a part of the note for $7,042, and denies that there was any usury in the Curtiss notes, which were also included in the note in controversy here. Calculations were made upon a part of these smaller notes, which are claimed to contradict Cole, and Curtiss says there was usury in his notes; but at most it is a conflict of testimony. The chancellor who tried this cause had the living witnesses before him, with all the surroundings of the case, and was in a much better position to measure the credibility of the testimony heard by him than are we, who only have it as it appears in the certificate of evidence. His findings support Cole and we do not think we should disturb them.

Finding no error in the decree of the Circuit Court the same is affirmed.

*Decree affirmed.*