Barnett v. Davenport.

## JAMES BARNETT AND BETTIE BARNETT
### v.
### LAURA DAVENPORT.

*Mortgages—Foreclosure—Attorney's Fees.*

A mortgage may properly provide, in effect, that if suit is commenced to foreclose the same, a certain per cent of the amount found to be due, shall be included in the same decree for attorney's fees. There is no merit in a contention in such case upon the part of the mortgagee, that such fee does not become due until after suit is begun, and that the same can not, therefore, be included in such decree.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Saline County; the Hon. GEORGE W. YOUNG, Judge, presiding.

Mr. S. F. WILLIFORD, for appellants.

It is apparent that the attorney's fee was not due until after the suit was instituted upon this note and mortgage, and the court could not, in this action, render a judgment for a claim not due at the time the action was commenced.

This note simply contains the statement or promise as follows: "And in the event of suit upon this note we agree to pay ten per cent additional on the amount due, as attorney's fees, to be included in the same judgment." And in the mortgage the defendants simply agree, "that if suit is commenced to foreclose this mortgage, we agree to pay ten per cent of the amount due for attorney's fee to be included in the same judgment." Now then the attorney fee, by the express provision of the note and mortgage, was not to become due and payable until suit was instituted upon the note, or bill filed to foreclose the mortgage; and therefore the same did not become due and payable until after suit was brought or bill filed to foreclose. And no court, either law or chancery, has the power to make contracts for a party, but their duty is to construe the same. Easter v. Boyd, 79 Ill. 325.

We have been referred by counsel for complainant to Dunn v. Rogers, 43 Ill. 260, and Clawson v. Munson, 55 Ill. 394, as authority to authorize a recovery of attorney fee in this case.

In the first case cited, the mortgage, upon which a bill had been filed to foreclose, contained a clause that, "if default should be made in the performance of the covenants in the deed, the mortgagor would pay all costs and expenses, including an attorney's fee, which might be incurred in collecting the same."

In the other case cited, which was a proceeding to foreclose a mortgage, the mortgage expressly provided, in case the money secured thereby was not paid according to the tenor and effect of the note, the mortgagors would pay all attorney's fees for the collection of the said sum of money.

These cases, however, can not control the question here involved, for the reason, that, in default of payment when due,

under the contract, the attorney's fee was then due and payable, while in the record before us, the contingency under which attorneys' fees could be recovered, did not arise until after suit had been instituted.

Had this note and mortgage contained a provision authorizing the recovery of an attorney's fee, on default of payment of principal and interest when due, then, under the contract, the amount claimed might probably have been recovered; but, as the contract embodied in the note and mortgage falls clearly within the rule announced in Nickerson v. Babcock, *supra*, no recovery for attorneys' fees could be had. Easter et al. v. Boyd, *supra*.

Counsel for appellee refers to the case of Haldeman v. The Massachusetts Mutual Life Insurance Company, 120 Ill. 390, and from that case insist that the attorney fee of $44.94 in this case should be included in this decree; but the court will observe by reference to the record in that case that the mortgage therein provided that the sum of $100 solicitor's fees, " shall become due and payable immediately upon filing bill to commence suit."

And now the only question there is in this case, is, was the attorney fee of $44.94 actually due at the time this suit was brought or not? If it was, then it was proper to include the same in the judgment, and if not, it was error to include the same.

The attorney fee in this case was either due or not due at and prior to the time of bringing this suit, and this must depend upon the express promise and stipulations in the note and mortgage, and since they promise to pay the attorney fee only upon the contingency of " suit brought or bill filed," then it can not become due till suit is actually brought or bill filed and can not be included in the same judgment.

Messrs. BOYER & CHOISSER, for appellee.

We submit that the contention of counsel for appellants will not stand the test of either analysis or reason, and that the construction contended for by him is manifestly unjust and inequitable to the complainant.

The case at bar is not a suit on the note to recover a judgment in a court of common law, where the court is bound up by arbitrary rules, as was the case in both the 29 Ill. and 79 Ill., cited by appellants' counsel, but it is a proceeding in a court of equity for the purpose of enforcing the complainant's lien against the specific property solemnly pledged by the express terms of the mortgage, not only to the payment of the principal debt and interest, but also the necessary expense to which appellants had put the appellee in the employment of counsel to enforce payment out of such property so pledged. We submit that this mortgage is one entire and indivisible contract, and that the sole object and intention of all the parties to this mortgage was to set apart and appropriate certain specific property to the payment of the whole debt and interest free from all loss of any part of the same to the mortgagee in pursuing his remedy to convert the property pledged to the payment of the debt, and that whatever the rule may be in a suit at law on a note, there is not a case to be found decided by either the Appellate or Supreme Court where it has been held that a mortgagee is driven to a double proceeding to subject the property pledged to the payment of the debt.

The only authority cited by appellants' counsel which he even claims to support his views are the cases in the 29 Ill. and 79 Ill. We shall not stop to comment on either of them further than to say that neither of them was a case to foreclose a mortgage.

If these cases can be said to have any application, then we submit the following authorities. In the case of Dunn v. Rodgers, 43 Ill. 260, the Supreme Court say, at page 263, " The note and mortgage provided for the payment, by the debtor, of a lawyer's fee * * * if suit should be brought." They then proceed to hold that in a proceeding to foreclose, an attorney's fee was properly included in the decree. This or a similar question again arose in Clawson v. Munson, 55 Ill. 394, and the court held the attorney's fee properly included in the decree. The last case, however, where the identical question in dispute in the case at bar came before

the Supreme Court of this State, is the case of Haldeman v. Mutual Life Insurance Company, 120 Ill. 390. This court will find, on page 391 of this case, the language in that mortgage to be this: "That the sum of $100 solicitor's fee shall become due and payable immediately upon filing bill to commence suit." Now, at page 393, the court say: "We think, upon the authority of Dunn v. Rodgers, 43 Ill. 260, and Clawson v. Munson, 55 Ill. 394, that the Circuit Court committed no error in allowing the attorney's fee to be taxed as part of the costs." See, also, Haldeman v. Mass. Mut. Life Ins. Co., 21 Ill. App. 146; Casler v. Byers, 28 Ill. App. 128; Casler v. Byers, 129 Ill. 657.

SAMPLE, J. The only error assigned is the allowance of an attorney's fee in the decree of foreclosure. The mortgage provided in effect that if suit was commenced to foreclose the mortgage, then ten per cent of the amount found to be due should be included in the same decree, for attorney's fees. The appellants insist that the attorney's fee did not become due until after the suit was actually begun, and therefore could not be included in the decree; and the case of Nickerson et al. v. Babcock, 22 Ill. 497, is cited in support of this view. It will be observed that the agreement in the mortgage expressly provides that the attorney's fee should be included in the same decree. There was no such provision in the note in the Nickerson case. In the case of McIntire v. Yates et al., 104 Ill. 503, the court uses this language : "The mortgage in this case contained a provision that in *case of foreclosure* two per cent of the amount found due on the mortgage indebtedness should be allowed in the decree, as a solicitor's fee. The court allowed this amount in the decree of foreclosure and it is said the decree in this regard is erroneous. This case can not be distinguished from Clawson v. Munson, 55 Ill. 395, where a similar question arose, and the court held that a decree for an attorney's fee under a mortgage like the one under consideration was proper. See, also, Haldeman v. M. M. L. Ins. Co., 120 Ill. 390.

. The attorney's fee was properly included and the decree will be affirmed. *Decree affirmed.*