## Goodwin et al v. Bishop.

1. USURY—*Pleading at Law and in Chancery.*—It is not sufficient at law or in chancery to plead in general terms that the transaction was usurious; the facts constituting the usury must be set forth.

2. CHANCERY—*Exceptions to Answer.*—Where the answer in chancery is not under oath, it is not necessary to file exceptions to it.

3. USURY—*What Constitutes.*—Where a person applied to an agent for a loan and voluntarily paid him a commission for procuring it, and also paid him for expenses he had incurred in having the abstract exam-

ined, *it was held*, that such payment was entirely proper, and did not tend to make the transaction usurious.

4.   FORECLOSURE—*Fixing Solicitor's Fees.*—The fixing of the amount to be allowed for solicitor's fees, in the foreclosure of a trust deed, is a matter which rests in the reasonable judgment of the court upon the evidence offered for that purpose.

**Memorandum.**—Bill to foreclose a trust deed.  Bill filed July 8, 1891. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.  Heard in this court at the October term, 1892, and affirmed.  Opinion filed February 1, 1893.

## STATEMENT OF THE CASE.

This was a bill in chancery to foreclose a trust deed given by appellants to H. E. Lowe, trustee, to secure their note for $5,000, due in three years, with interest at seven per cent.  Appellants answered, setting up usury in the transaction and claiming that fees for the trustee and solicitor were unreasonable.  Testimony was taken before a master in chancery, who reported that $5,486.20 was due complainant and $250 for solicitor's fees.  Objections were made before the master and overruled, and the same renewed before the court at the hearing.  The court sustained one exception made by appellants, and eliminated from the amount reported by the master the interest accruing on the loan from the date of the notes till the money was received by appellants, and confirmed the master's report in other respects.  The court added to the amount found due by the master the sum of $95, interest on the principal note, and entered a decree, etc.

## APPELLANTS' BRIEF, LYMAN M. PAINE, ATTORNEY.

Appellants insisted that when usury is apparent, it need not be pleaded.  Bank v. Barton, 21 Ill. App. 403; Stockham v. Munson, 28 Ill. 52; Drake v. Latham, 50 Ill. 270.

It is not enough that the money was paid to the lender's agent or broker or attorney by direction of the borrower. The money must go direct to the borrower or to the payment of his legitimate obligations.  The payment to Bishop's

agent or to Bishop's attorneys was in effect a payment to Bishop, and since these items amount to $175, the transaction became tainted with usury, and the court should have so decreed. This subject has been before the courts of this State quite frequently of late, and the law is well settled. Payne v. Newcomb, 100 Ill. 611; Jackson v. May, 28 Ill. App. 305; Ammondson v. Ryan, 111 Ill. 506; Barton v. Farm. Nat. Bk. 122 Ill. 354; Haldeman v. Mass. M. L. Ins. Co., 120 Ill. 392; Barry v. Guild, 126 Ill. 433; Sanford v. Kane, 133 Ill. 199; Fowler v. Equitable Trust Co., 141 U. S. 384.

APPELLEE'S BRIEF, MARSTON, AUGUR & TUTTLE, ATTORNEYS.

Appellee insisted that the difference between the rate per cent allowed by law and the rate reserved in the notes, can be received as commissions or otherwise without rendering the loan usurious. McGovern v. Life Ins. Co., 109 Ill. 151; Brown v. Mortgage Co., 110 Ill. 235.

Payment by borrower of charge for examination of abstract and making out papers is proper. Ammondson v. Ryan, 111 Ill. 506.

Brokers negotiating loans of other people's money may charge the borrower commissions, without making a loan at the full rate of legal interest, usurious. Hoyt v. Pawtucket Inst., 110 Ill. 390; Cox v. Life Ins. Co., 113 Ill. 382; Fowler v. Trust Co., 141 U. S. 384; Boylston v. Bain, 90 Ill. 283; Telford v. Garrels, 132 Ill. 550.

A provision in the trust deed for the allowance of solicitor's fees, is proper and will be sustained. Fowler v. Trust Co., 141 U. S. 411; Barton v. F. & M. Nat. Bank, 122 Ill. 352; Haldeman v. Mass. Ins. Co., 120 Ill. 390; McIntire v. Yates, 104 Ill. 491; Telford v. Garrels, 132 Ill. 550.

OPINION BY THE COURT.

A bill having been filed by H. E. Lowe, trustee, and E. F. Bagley, successor, to foreclose a trust deed made by appellants to secure their note for $5,000, with interest thereon at seven per cent per annum, a decree was rendered from which this appeal is prosecuted.

It was urged in the court below, and is here, that the

loan was usurious; the statement of the answer as to this was as follows:

"And these respondents say that they did not, nor did either of them, receive the full sum of $5,000 from said complainants at the time of making said loan, nor at any time, nor did they receive any money at the date of said notes and trust deed, and so these respondents say that the amount claimed by said complainants is largely tainted with usury."

This was insufficient. It is not sufficient at law or in chancery to plead in general terms that the transaction was usurious; the facts constituting the usury must be set forth. Mosier v. Norton, 83 Ill. 519; Hoskins v. Cole, 34 Ill. App. 541; Dunham v. Tucker, 40 Ill. 520; Frank v. Morris, 57 Ill. 138.

The answer not being under oath, it was not necessary that the complainant should except thereto. Supervisors of Fulton Co. v. Mississippi & Wabash Ry. Co., 21 Ill. 338.

Even had usury been properly set up in the answer, we do not think that such defense was made out.

Appellant having applied to Lowe for a loan, voluntarily paid to him, the agent, a commission for procuring the loan, and also paid him for expense he had incurred in having the abstract of title examined.

The payment of these sums was entirely proper, and did not tend to make the transaction usurious. Anmondson v. Ryan, 111 Ill. 506, 510; Tulford v. Garrels, 132 Ill. 550, 554; Boylston v. Bain, 90 Ill. 283; Kihlholz v. Wolf, 103 Ill. 363; Hoyt v. Pawtucket Ins. Co., 110 Ill. 390; Cox v. Life Ins. Co., 113 Ill. 382.

The fixing of an amount to be allowed for solicitors' fees was a matter committed by the complainants to the judgment of the court; the sum allowed was warranted by the evidence on that subject, and seems to have been reasonable and proper.

We see no objection to the course pursued by the chancellor upon the coming in of the master's report.

The decree follows the law, and is just and equitable, and will be affirmed.