(No. 12186.—Judgment affirmed.)

JOHN J. HANRAHAN, JR., Defendant in Error, *vs.* THE CITY OF CHICAGO *et al.* Plaintiffs in Error.

*Opinion filed October 27, 1919.*

1. NEGLIGENCE—*the question whether insanity resulted from injuries is for the jury.* Where there· is evidence fairly tending to show that the plaintiff's insanity resulted from the injuries sued for, the question whether the insanity did result from such injuries is for the jury to finally determine upon proper instructions and is not a question of law, and the Supreme Court is concluded by the judgment of the Appellate Court affirming that of the trial court.

2. SAME—*when a city is not liable for negligent acts of its officers.* A city ·is not liable for the negligent acts of its officers or employees who are acting under the police power granted to the city or who are endeavoring to carry out the regulations of the city for the public health, nor for its officers' negligence while exercising judicial, discretionary or legislative authority conferred by its charter or while discharging duties imposed solely for the benefit of the public.

3. SAME—*when a city is· liable for failure to keep its streets in safe condition.* Where a municipal corporation is acting, within its authority, in a ministerial capacity in the management of its property or in the discharge of its duties in repairing or removing obstructions from streets, or is negligent in failing to discharge its duties of keeping its streets in·repair and in safe condidtion for travel, it is liable for all injuries caused by such negligence when the injured party was exercising due care for his safety.

4. SAME—*city acts ministerially in removing obstructions from streets.* A city acts judicially when it selects and adopts a plan for the construction of a public improvement, but in carrying out such plan or in removing obstructions or dangers from its streets it acts ministerially and is bound to see that the work is done in a reasonably safe and skillful manner.

5. SAME—*city cannot allow streets to be incumbered with dangerous awnings.* The positive duties of incorporated cities require them to keep their streets in a reasonably safe condition for travel and to remove all obstructions and dangers below, on and above the ·surface of the streets, including dangerous awnings and other overhead structures, and for failure to exercise due care in discovering and removing the same the city is liable for personal injuries occasioned thereby.

6. SAME—*when an expert witness may testify that insanity resulted from injuries.* Where there is no dispute as to the manner or cause of the injury and no dispute that there was an injury sustained by reason of the acts for which complaint is made, a physician may testify that a later malady was or was not caused by the accident without invading the province of the jury, and where a plaintiff suing for damages for an injury to his head has become insane after the accident, the court may permit an expert witness to testify that the insanity resulted from the injury.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, WILLIAM H DEVENISH, and CHARLES R. FRANCIS, (ROBERT H. FARRELL, and EDWARD J. KELLEY, of counsel,) for plaintiffs in error.

EARL J. WALKER, and JAMES D. POWER, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This writ of error is prosecuted to review the judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in the sum of $5000 in favor of John J. Hanrahan, Jr., against the city of Chicago. The recovery is for personal injuries alleged to have been sustained by defendant in error through the negligence of the city in permitting a wooden awning on a building located at the southwest corner of Stony Island avenue and Sixty-seventh street to be and remain in a defective condition. The suit was brought against the city of Chicago and F. Salter & Co., a corporation, jointly. At the close of the plaintiff's evidence the jury was instructed to find the defendant F. Salter & Co. not guilty. The city of Chicago will be hereafter referred to as plaintiff in error.

The declaration consisted of two counts, and in substance charged that on and prior to December 12, 1903, F. Salter & Co. was the owner of and in possession and control of a certain building situated on the west side of Stony Island avenue, immediately south of Sixty-seventh street; that there was an awning attached to and connected with and constituting a part of said building, which extended out from the building and above and over the sidewalk on Stony Island avenue, under which pedestrians were accustomed to walk in passing upon and along said walk; that plaintiff in error is a municipal corporation and as such was in possession and control of said streets at said times and that they were public streets, and was also in possession and control of such sidewalk; that long prior to and up to December 12, 1903, the city of Chicago and F. Salter & Co. wrongfully and negligently permitted said awning to be and remain in such a defective, old, rotten, weak and dilapidated condition that it was liable to fall upon pedestrians walking upon the sidewalk, which condition rendered the awning a nuisance; that plaintiff in error knew, or by exercise of ordinary care in that behalf would have known, of the defective and dangerous condition of the awning on and prior to and at the time of the injuries to defendant in error; that defendant in error, an employee of plaintiff in error, while in the course of his employment and while walking southward upon said sidewalk under said awning, in the exercise of due care and caution for his safety, was injured by the awning falling upon him in consequence of its defective and dangerous condition, whereby he sustained permanent injuries, etc. Plaintiff in error demurred to the declaration, and the cause was tried upon the issues formed on a plea of the general issue to the declaration.

The evidence disclosed that at the time of his injuries the defendant in error was about eighteen years of age. He was in the employ of the plaintiff in error, working

on an intercepting sewer then in the course of construction along Stony Island avenue. The awning referred to in the declaration was constructed of pine, extending the full length of the building and out over the sidewalk a distance of about ten feet and about ten feet above the sidewalk. It had been constructed ten years or more and at the time of the injury was rotten and decayed, and the proof tended to show that that condition had existed since the spring of 1903, several months prior to the injuries, which occurred December 12, 1903. On the day of the injuries it was snowy and windy. Defendant in error and his father were both struck and knocked down upon the sidewalk by the falling of the awning. When it was removed from their persons by others who came to their assistance defendant in error was apparently not seriously injured but he had suffered a bruise thereby on the top of his head. He was afterwards on three occasions adjudged insane, the first time being about two and a half years after his injury, and at the time of the trial he had been home about two years, having been discharged from the hospital as incurable. The evidence for plaintiff in error tended to show that his injuries were not the cause of his insanity but that the form of his insanity was what is known as dementia præcox,—a form of insanity usually caused by toxemia or poisoning of the system, and is described by some of the experts as a disease known as precocious dementia, which the plaintiff in error's expert witnesses testified was never caused by traumatism. The expert testimony of defendant in error was to the effect that traumatism sometimes produces dementia præcox; that blows on the head often produce insanity, and that defendant in error's insanity was caused by his injuries aforesaid. As the evidence of defendant in error fairly tended to show that his insanity was a result of his injuries, whether or not his insanity resulted from such injuries was a question of fact for the jury to finally determine on proper instructions and not a question

of law, and this court is therefore concluded by the judgments and findings of the superior and Appellate Courts.

The first contention of plaintiff in error is that the declaration does not state a cause of action, and that the Appellate and superior courts both erred in holding that it does and in overruling plaintiff in error's motion in arrest of judgment. There is no complaint that the declaration is informal. It is the contention of plaintiff in error that the failure of plaintiff in error to remove from over the public street and sidewalk the defective and dangerous awning attached to private property and not resting on or attached to the street relates to the failure of the city to perform acts which it is empowered to do as a governing agency and in the discharge of duties imposed for the public or general welfare, and that the maxim *respondeat superior* does not apply to a failure on the part of the city to perform such acts. This contention cannot be sustained. The city councils in cities have the following powers and duties: To lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, sidewalks and public grounds and to regulate the use of the same; to prevent and remove encroachments and obstructions upon the same; to regulate the use of sidewalks and all structures thereunder and to require the owner or occupant of any premises to keep the sidewalk in front of or along the same free from snow and other obstructions; to regulate and prevent the use of streets, sidewalks and public grounds for signs, sign posts, awnings, awning posts, telegraph posts, posting hand-bills and advertisements. (Jones & Addington's Ann. Stat. sec. 34, pars. 7, 9, 10, 14, 17.) A city is not liable for the negligent acts of its officers or employees who are acting under the police power granted to the city or who are endeavoring to carry out the regulations of the city for the public health and the care of the sick and destitute. The city is not liable for its officers' negligence while they are exercising judicial, discretionary or legislative au-

thority conferred by its charter or while discharging their duties imposed solely for the benefit of the public. Where a municipal corporation is acting, within its authority, in a ministerial capacity in the management of its property or in the discharge of its duties in repairing or removing obstructions from streets, or is negligent in failing to discharge its duties of keeping its streets in repair and in safe condition for travel, it is liable for all injuries caused by such negligence when the party injured is exercising due care for his safety. *Johnston* v. *City of Chicago,* 258 Ill. 494.

A municipal corporation acts judicially when it selects and adopts a plan for the construction of a public improvement, but in carrying out such plan or in removing obstructions or dangers from its streets it acts ministerially and is bound to see that the work is done in a reasonably safe and skillful manner. (*City of Chicago* v. *Seben,* 165 Ill. 371.) The omission of such municipality to discharge the duty of repairing its streets and freeing the same from dangers renders it liable to one injured by reason of such omission and failure, when such person is exercising due care. The positive duties of incorporated cities in this State require them to keep their streets reasonably safe for pedestrians traveling the same and who use reasonable care in so doing. (*People* v. *Willison,* 237 Ill. 584; *Village of Palestine* v. *Siler,* 225 id. 630.) The cities in Illinois hold their streets and alleys in trust for the public use, and they have no power to alien or otherwise incumber their streets and alleys by permitting the construction of permanent awnings or balconies over the same. (*Hibbard & Co.* v. *City of Chicago,* 173 Ill. 91; *McCormick* v. *South Park Comrs.* 150 id. 516.) The weight of authority in this country is, that where the duty of keeping the streets in reasonably safe condition for travel by pedestrians using due care is vested in incorporated villages and cities, such duty requires such municipalities to remove all obstructions and dangers below, on and above the surface of the streets that are dangerous to travelers

thereon, and that such obstructions include dangerous awnings and other overhead structures or fixtures. For failure to·exercise due care in discovering and removing the same such municipalities are liable for personal injuries occasioned thereby. (*Day* v. *Inhabitants of Milford,* 5 Allen, 98; *Grove* v. *City of Fort Wayne,* 45 Ind. 429; *Bohen* v. *City of Waseca,* 50 Am. Rep. 564; *Byne* v. *City of Americus,* 6 Ga. App. 48; *Larson* v. *City of Grand Forks,* 3 Dak. 307; *City of Purcell* v. *Stubblefield,* 41 Okla. 562; *Wheeler* v. *City of Fort Dodge,* 131 Iowa, 566; *Cason* v. *City of Ottumwa,* 102 id. 99.) ·The declaration stated a cause of action and the court ruled properly in so holding.

There was no dispute in this case as to the manner or cause of defendant in error's injuries. It is wholly undisputed that defendant in error received a bruise or wound on his head by reason of the falling of the defective awning. When there is no dispute as to the manner or cause of the injury and no dispute that there was an injury sustained by reason of the acts of which complaint is made, a physician may then testify that a later malady was or was not caused by the accident or the original injury without invading the province of the jury. (*City of Chicago* v. *Didier,* 227 Ill. 571; *Fellows-Kimbrough* v. *Chicago City Railway Co.* 272 id: 71; *Heineke* v. *Chicago Railways Co.* 279 id. 210.) It was not error for the court to permit defendant in error's expert witness to testify that his insanity resulted from the injuries received on his head.

The only other error alleged by plaintiff in error is that the record fails to show that the insanity of the defendant in error resulted from the injuries of which complaint was made. As is already indicated and held, this question was one of fact which is settled by the verdict of the jury and the judgment and finding of the Appellate Court.

The judgment of the Appellate Court is therefore affirmed.                                    *Judgment affirmed.*