DETERMINED IN THE

SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1921.

---

### John A. Burnham, Administrator, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 6,924.

1. APPEAL AND ERROR—*when omission in declaration in death action is not ground for reversal.* That the declaration in an action for death by negligence of defendant did not allege that the suit was begun within one year from the death of plaintiff's intestate is not sufficient ground for reversal, where the record shows that the entire matter from the accident to the appeal was embraced within less than ten months, and the point was not raised at the trial when an amendment could easily have been made.

2. PLEADING—*right to traverse averment of material matter under videlicet.* An averment of a material matter under a *videlicet* is as traversable as if the *videlicet* had not been inserted.

3. DEATH—*when videlicet used in alleging dates may be disregarded.* In an action for wrongful death, if the dates of injury and death were necessary to be so stated as to show that they occurred within one year before suit was brought, the *videlicets* used in alleging such dates may be disregarded.

4. DEATH—*when variance as to date of injury will not defeat recovery.* In an action for wrongful death, a slight variance as to the date of the injury, the suit still being within a year, will not defeat recovery.

(573)

5. DEATH—*sufficiency of averment as to next of kin.* In an action for wrongful death, an allegation "that the said Sinai E. Burnham left her surviving a son, John E. Burnham, and a daughter, Mary Burnham" was, at least after verdict, a sufficient averment as to next of kin.

6. CARRIERS—*what does not defeat verdict for death of street car passenger.* In an action for the death of plaintiff's intestate due to a fall as she was alighting from defendant's street car, the mere fact that the larger number of witnesses testified that deceased had alighted from the car before it started and she fell, did not make a verdict for plaintiff unwarranted.

7. EVIDENCE—*when testimony of expert medical witness is not error.* In an action for the death of plaintiff's intestate as a result of a fall while alighting from defendant's street car, the fact that the court permitted an expert medical witness to state his opinion that the condition which culminated in the death of intestate was caused by the fall, at a stage of the trial when it did not appear that the cause of death would be controverted, instead of that the fall might or could have caused such condition, was immaterial where no motion was made to exclude such answer after the cause of death became a controverted question.

8. DEATH—*when verdict for death of widow is not excessive.* A verdict for $4,000 for the death of a widow was not excessive on the ground that she was wealthy and her children, on whose behalf suit was brought, came into her property sooner than they otherwise could, where it appeared that but for the injury and death she would likely have accumulated more than the amount of the verdict and also that their home and board might have been worth that amount to them.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed November 2, 1921.

McGRATH, THURMAN & DAILY, for appellant.

HUNTER, PAGE & KAVANAGH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Sinai E. Burnham died on March 30, 1920. Her administrator brought this suit against the Peoria Railway Company, which operates street cars, and in his

declaration charged that her death was caused by the negligence of the defendant company in the operation of one of its street cars. Defendant pleaded not guilty and there was a jury trial, and a verdict for plaintiff in the sum of $4,000. Motions for a new trial and in arrest of judgment were overruled and plaintiff had judgment, and defendant appeals.

Appellant contends that no cause of action was stated in the declaration because it does not allege that this suit was begun within one year after her death, relying upon *Hartray v. Chicago Rys. Co.*, 290 Ill. 85. The point was not raised at the trial, when an amendment could easily have been made, curing the supposed defect. The declaration charged that the injury was inflicted on March 20, 1920, and that Mrs. Burnham died on March 30. The record before us shows that this suit was begun April 29, and the summons was served April 30, and the declaration was filed August 26; that the trial began December 15, and the proof shows that the injury was inflicted on March 23, and that the death was on March 30, and the judgment was entered December 28, all in 1920; and that the appeal bond was filed and approved January 3, 1921. With the whole record showing that the entire matter from the accident to the appeal was embraced within less than ten months, we are of opinion that appellant ought not now to have a reversal because of the absence of those few words from the declaration.

The date of the injury and of the death are alleged in the declaration under a *videlicet*, and appellant contends that therefore there is no precise averment in the declaration of either the time of the injury or of the death, and that therefore, for aught that appears in the declaration, the injury may have occurred more than one year before the suit was begun. Numerous authorities are cited to show that one office of a *videlicet* is to relieve the pleader from proving precise details not material to the case. That, how-

ever, is not the only rule concerning a *videlicet.* It is held in *Frank v. Morris,* 57 Ill. 138, that when the matter alleged is material and traversable, the statement of such a matter under a *videlicet* will not avoid the consequences of a variance and that such material matter, if traversed, must be proved. This rule is fully stated in 1 Chitty's Pl. 137, 138. 28 Amer. & Eng. Encyc. of Law, 452, states that if the averment is material, it is as much traversable as if the *videlicet* had not been inserted. If the date of the injury and of the death were necessary to be so stated as to show that these events occurred within one year before the suit was brought, then the *videlicets* in this declaration are to be disregarded. The proof slightly varied from the allegation as to the date of the injury. It was March 23, 1920, and not March 20. We assume that that slight variance, still bringing the suit within the year, will not defeat recovery.

It is argued that the action cannot be maintained because the declaration contains no sufficient averment as to next of kin. That averment is "that the said Sinai E. Burnham left her surviving a son, John E. Burnham, and a daughter, Mary Burnham." It is seriously urged that this may mean a son and daughter of some other person and not of deceased. We think this too technical, especially when it was not raised by demurrer. That allegation is good after verdict.

It is claimed that the evidence as to the happening of the accident does not support a finding against appellant. Mrs. Burnham was a passenger in appellant's street car. There was a regular conductor on the car and also a new conductor, who was being taken over the line to enable him to learn the streets. The car stopped at a certain street corner and various passengers alighted and Mrs. Burnham sought to get off where the others did, at the right-hand side in the rear. She had bundles on her left arm and took hold

of the rear handlebar with her right hand.  Plaintiff's witnesses testified that when she had one foot on the last step and one foot on the ground and still had hold of the handlebar, the new conductor gave the signal to start and the car started, and she was twisted and thrown to the ground.  Appellant's witnesses contend that she had reached the gound and let go of the handlebar and was entirely clear of the car when the car started and she fell.  Appellant contends that on this question it had the greater number of witnesses and therefore the jury were not warranted in finding for plaintiff.  The number of witnesses on each side is not the only matter to be considered.  Upon a consideration of all the evidence of the witnesses on this subject, we conclude the jury were warranted in believing appellee's witnesses on that subject and therefore finding defendant guilty of negligence.  It is not denied but that Mrs. Burnham then fell and broke her hip and was taken to a hospital and died there a week later.

Appellee proved by medical witnesses that Mrs. Burnham died in a coma produced by acidosis.  Appellee inquired of his medical witnesses whether such acidosis could have been caused by the fall and the shock and the breaking of the hip, and these questions were answered in the affirmative.  He also asked certain medical witnesses what in the opinion of such witness did cause the acidosis and coma and death, and was answered that the acidosis, coma and death were caused by the fall and shock and the fracture of the hip.  It is contended that these questions and answers were incompetent and their admission erroneous, under such cases as *Illinois Cent. R. Co. v. Smith*, 208 Ill. 617.  At that time there was nothing to show the trial court that the question of the cause of death would be controverted.  In the situation then appearing, the proper rule seems to be that stated in *City of Chicago, v. Didier*, 227 Ill. 571, where the court, after much consideration, laid down the following rule:

"The reason given for permitting a properly qualified witness to give his opinion as to what did produce certain results or consequences, and not what might have produced them, is, that the fact to be established is what did cause the conditions found to exist. Where the determination of that question involves scientific knowledge or skill which is possessed only by those who have given the matter special study and with which jurors and others engaged in the ordinary avocations of life are unfamiliar, a witness possessing the necessary qualifications may be asked for his opinion as to what did cause the conditions described. Such an opinion is not conclusive and is subject to be contradicted by other evidence. It is for the jury to determine the weight and value of such opinions when considered in connection with all the evidence in the case."

To the like effect is *Wheeler v. Chicago & W. I. R. Co.*, 267 Ill. 306, on p. 327; *Kimbrough v. Chicago City Ry. Co.*, 272 Ill. 71; *Heineke v. Chicago Rys. Co.*, 279 Ill. 210; *Hanrahan v. City of Chicago*, 289 Ill. 400. It appeared in evidence that Mrs. Burnham was subject to chronic diabetes of long standing and that she was at the time of the injury in apparently good health. Appellant called a medical witness who testified that acidosis sufficient to produce coma and result in death could not be caused by a fall which resulted in a fracture of the femur, and that in such a case as this where a woman between 61 and 62 years of age had diabetes of some years standing and suffers a fall and a fracture of the femur and acidosis developed and she died in a state of coma a week later, the fall could not have been sufficient to produce acidosis. If when it thus appeared that it was disputed whether the acidosis could have resulted from the fall and the fracture of the hip, the answers of appellee's physicians that the fall and injury did cause that result might have been properly excluded on motion by appellant, no such motion was made. Under these circumstances

the rule as stated in *Fuhry v. Chicago City Ry. Co.*, 239 Ill. 548, that it is immaterial whether the expert witness testified that the injury might or could cause the condition or did cause it, because it was merely the opinion of the witness, seems to apply. The court there said:

"It is admitted that appellee had received injuries in the collision. The witness had described them. He knew and had described her subsequent physical condition. The question did not relate to the cause of her injuries. It concerned the relation between her injuries and her subsequent condition. Its object was to obtain the witness' opinion as to whether the condition could, would or did result from the injuries. The question whether it did so result was for the jury to determine, but, being one not within the knowledge of men of ordinary experience, the opinions of physicians having knowledge of that subject were proper to be considered and did not invade the province of the jury. It is immaterial whether the witness testified that the injury might or could cause the condition or that it did cause it. In any event the testimony was merely the opinion of the witness based upon the facts he had testified to. It was still for the jury to determine the truth in regard to those assumed facts, as well as any others which might tend to confirm or modify their reliance upon the opinion given."

We therefore conclude there was no error in that respect and that the jury were warranted in holding appellant liable.

It is contended the damages were excessive because deceased was somewhat wealthy and her children came into the property sooner than they otherwise could. Deceased was a widow, maintained a home and her daughter lived with her, and also her son and his wife and child, and the children did not pay any board or room rent. She died worth between $50,000 and $60,000. A small portion of this she acquired from the estate of her deceased husband. Apparently the rest had been acquired by her own exertions. She appeared to have been a competent business woman

and attended to her own interests. We think it clear that if this injury and consequent death had not occurred, she is likely to have accumulated and saved for her children more than the amount of this verdict, and also that their home and board might have been worth that amount to them.

The judgment is affirmed.

*Affirmed.*