## B. M. Shaffner v. John L. Healy et al.

1. APPELLATE COURT PRACTICE—*Objection Not to be Raised for the First Time.*—When a party files exceptions to a master's report, he will be confined in the Appellate Court to the questions raised by his exceptions.

2. COSTS—SOLICITOR'S FEES—*Foreclosure Suits.*—Where the mortgage or trust deed provides for a reasonable solicitor's fee in a foreclosure suit, it is proper to allow the same.

3. FORECLOSURE—*Trust Deeds Securing Notes of Different Persons.*— In the foreclosure of a trust deed securing notes held by different persons, it is proper for the master to find the amount due on each and to whom due, and for the court to decree a foreclosure for the aggregate amount so found due. The power of the court is ample to see that payments made are properly distributed.

4. APPELLATE COURT PRACTICE—*To Review the Findings of the Master.*—The Appellate Court does not sit to review the findings of a master except when the action of the court thereon is assigned for error.

Memorandum.—Foreclosure proceedings. Appeal from a decree entered by the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

B. M. SHAFFNER, *pro se.*

APPELLEES' BRIEF, J. D. HUBBARD, ATTORNEY.

The presumption, upon appeal, is that the proceedings below are regular and in accordance with the law, and it will be presumed that sufficient and proper notice was given of the taking of testimony and of all other proceedings in the court below. Bishop v. Morris, 22 Ill. App. 564.

The objection urged by appellant is that the court erred in allowing the sum of $50 solicitor's fees.

This was the amount provided for in the trust deed; it is not, and could not be, contended that it is excessive or unreasonable, and where an express amount is stipulated for in the instrument, it is not error for the court to allow the same in a decree of foreclosure. Haldeman et al. v. Mass. Mut. Life Ins. Co., 21 Ill. App. 146; Affirmed S. C., 120 Ill. 390; McIntire v. Yates, 104 Ill. 491.

When the sense of a judgment or decree can be clearly ascertained from the recitals in the whole record it can not be said to be void for uncertainty. Hofferbert v. Klinkhardt, 58 Ill. 450.

Assuming that appellant's rights had been injured by the form of the decree, yet it nowhere appears that he objected to the entry of the same, nor that he requested the court to modify the same; the decree could have been modified at any time before sale upon application to the court. Williams v. Waldo, 3 Scam. 264.

Where two persons are the holders of different notes, secured by the same mortgage, they may unite in a bill to foreclose, and the court may enter a decree in favor of the complainants jointly, for the aggregate amount of the notes respectively. Pogue v. Clark, 25 Ill. 308.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree of foreclosure and sale upon a bill filed by the appellees for the foreclosure of a trust deed given to secure two notes of $1,500 each, made by Helen M. Brown and Calvin E. Brown and held by the appellees. The bill alleged that one of said notes was held

and owned by the appellee John L. Healy, and the other by the appellee Alice C. Nute; and upon evidence adduced before the master he so found, and found the amount due on each note separately, and recommended that the defendants to the bill, or some of them, pay to said Healy and Nute the amounts so found to be due on said notes, within a short day, and in default thereof that the premises be sold, as prayed by the bill.

To the bill, the appellant, as maker of a junior trust deed upon the same premises given to secure his note for $1,500, and one Mary L. Treadway, as holder and owner of that note, and the trustee named in said trust deed, were added as co-defendants.

Said Treadway and said trustee filed their joint answer to said bill setting up said trust deed and note and claiming a lien against the property by virtue thereof, and evidence in support thereof was adduced before the master, and the master found and reported in favor thereof and the sum that was due to said Treadway; and that she had a lien upon the premises therefor, but junior to the lien of appellees. Upon the coming in of the master's report the appellant filed exceptions thereto, which were overruled and a decree of foreclosure and sale entered.

The decree makes no finding or order with reference to the trust deed and note held by Mary L. Treadway.

Appellant contends that there is error in the decree because it does not appear that he had notice of the reference of the cause to the master, nor of the taking of testimony before the master, nor of the rule to close proofs before the master.

A sufficient answer to each and all of those objections exists in the fact that the appellant filed exceptions before the court to the master's report and did not there raise the question.

Appellant next contends that it was error to allow the sum of $50, which was recommended by the master and allowed in the decree, as a reasonable solicitor's fee under the provisions of the original trust deed. That sum was

expressly stipulated in the trust deed for solicitor's fees in case of a foreclosure suit. It was also proved by a qualified witness, who testified before the master that $50 was a reasonable fee in the cause. The allowance was proper. Halderman v. Mass. Mut. Life Ins. Co., 21 Ill. App. 246; same case, 120 Ill. 390; McIntyre v. Yates, 104 Ill. 491.

The next objection is that the court erred in decreeing the payment in a lump sum of the amounts found by the master to be due to the appellees Healy and Nute separately.

The bill was filed by Healy and Nute jointly for the foreclosure of one trust deed securing two notes, one of which was held by each of the complainants. It was proper for the master to find how much was due on each of said notes, and to whom it was due, and it was proper for the court to decree a foreclosure for the aggregate sum so found to be due. The foreclosure was of the trust deed and not of the notes. Payment of the amount of one of the notes would not stop the foreclosure. It would simply operate *pro tanto* to lessen the sum to be made by the sale, and that will be effected as well under the decree as it is, as if it were otherwise. The money found to be due by the decree is as much owing to one of the appellees as to the other, and the court will, on application, see that payments, if any are desired to be made, are properly distributed. The power of the court is ample for that purpose.

The last error assigned is that the master erred in finding the amount due to Mary L. Treadway on the note secured by the junior trust deed.

The decree contains no finding and no direction with reference to the said Treadway note and trust deed.

This court does not sit to review findings of a master, except when the action of the court thereon is assigned for error.

Decree affirmed.