THE HAMBURGER COMPANY

*v.*

SAMUEL C. GLOVER *et al.*

*Filed at Ottawa October 11, 1895.*

1. APPEALS AND ERRORS—*statute allowing damages for failure to prosecute appeal is penal.*  The provision of the Practice act (Hurd's Stat. p. 1021, sec. 73,) allowing damages against an appellant for failing to prosecute his appeal or to file transcript of record is penal in its character, and cannot be extended beyond the clear legal meaning of its terms.

2. SAME—*what is a "decree for the recovery of money."*  An appeal by certain defendants from a decree foreclosing a mortgage and dismissing their cross-bill for a mechanic's lien on the mortgaged property is not an appeal from "a judgment, order or decree for the recovery of money," within the meaning of section 73 of the Practice act, and the damages therein mentioned cannot be allowed on the dismissal of such appeal for failure to file transcript of record. *Colby* v. *Small,* 40 Ill. 42, distinguished.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. SAMUEL P. McCONNELL, Judge, presiding.

CRATTY BROS., JARVIS & CLEVELAND, for plaintiff in error.

ST. JOHN, FRENCH & MERRIAM, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Plaintiff in error filed its bill in the circuit court of Cook county to foreclose a mortgage executed by James and Patrick Redmond.  Defendants in error, who claimed to have a mechanic's lien on the mortgaged premises, were, with others, made defendants.  They answered, and filed a cross-bill setting up their lien.  On the hearing a decree of foreclosure was rendered on the original bill and the cross-bill dismissed for want of equity.  Defendants in error prayed and were allowed an appeal to the

Appellate Court for the First District, but failed to file a transcript of the record in that court in time. Plaintiff in error entered its motion to dismiss the appeal at appellant's cost, and for damages, under the statute. The appeal was dismissed at appellant's cost, but the motion for damages denied. From the ruling of the Appellate Court in refusing damages this writ of error is prosecuted.

Plaintiff in error based its motion for damages upon section 73, chapter 110, of Hurd's Statutes, which is in the following language: "When appeals from judgments, orders or decrees for the recovery of money are dismissed by the Supreme or Appellate Court for want of prosecution, or for failing to file authenticated copies of records as required by law, the court shall enter judgment against the appellant for not less than five nor more than ten per cent damages on the amount recovered in the inferior court, for the collection of which the appellee shall be entitled to execution as on other judgments." The only question in the case is, was the appeal by defendants in error to the Appellate Court from "a judgment, order or decree for the recovery of money," within the meaning of this section. That the decree of foreclosure and dismissing their cross-bill was not a decree against defendants in error for the recovery of money, must be conceded; and we think the statute contemplates only cases in which a judgment, order or decree appealed from is one for the recovery of money against the appellant. This is manifest, not only from the language, "when appeals from judgments, etc., for the recovery of money are dismissed," but by the further language, "on the amount recovered in the inferior court." The statute is penal in its character, and cannot be extended, by construction, beyond the clear legal meaning of its terms.

Counsel for plaintiff in error cite the case of *Colby* v. *Small,* 40 Ill. 42, as sustaining their contention that a personal judgment or decree against the appellant is not essential to the right to recover damages under this

statute. That case was decided under the statute of 1845, then in force, the language of which was (sec. 57): "In all cases of appeals to the Supreme Court, where the appellant shall fail to prosecute the appeal, the Supreme Court shall, upon dismissing the appeal, enter judgment against the appellant for not less than five nor more than ten per cent upon the amount of the judgment, for damages in consequence of the delay occasioned by such appeal." It needs no argument to show that the present statute is entirely different, in its language and spirit, from that of 1845. The latter applied to all appeals, and allowed damages for a failure to prosecute an appeal in consequence of the delay occasioned thereby. The present statute allows damages only when the appeal is from judgments, orders or decrees for the recovery of money, and not only for want of prosecution, but for failing to file a transcript of the record as required by law, no matter whether that failure is the result of intended omission, neglect or unavoidable causes. *Colby* v. *Small* has, therefore, no bearing upon the question involved here.

We think the Appellate Court decided properly in holding that this case is not within the meaning of section 73.

It is insisted that this conclusion results in hardship to the plaintiff in error, who was put to expense and inconvenience in having the appeal dismissed. The same inconvenience and expense result to the appellee or defendant in error in every case where an appeal or writ of error is improperly taken and unsuccessfully prosecuted. If the appeal or writ of error were prosecuted for delay, damages are recoverable at the discretion of the court, under section 23, chapter 33, of the statute. That statute affords an ample remedy in all cases where the appeal is from other than money judgments or decrees, and is prosecuted for delay only.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*