JOHN G. STRODTMANN, for use, etc.

*v.*

THE COUNTY OF MENARD.

*Filed at Springfield October 14, 1895.*

1. APPEALS AND ERRORS—*errors, to be availed of, must be specifically pointed out.* A general assignment of error to the admission or exclusion of evidence cannot be considered where the particular matter claimed to constitute the error is not indicated.

2. SAME—*failure to point out errors in Appellate Court is a waiver.* Failure to call the attention of the Appellate Court to the rulings in respect to the admission or exclusion of evidence, claimed to be covered by a general assignment of error, is an abandonment of such assignment.

3. SAME—*errors abandoned cannot be revived on further appeal.* Supposed errors waived or abandoned in the Appellate Court cannot be revived in the Supreme Court, and there raised for the first time.

4. SAME—*error not assignable on Appellate Court's opinion.* Failure of the *opinion* of the Appellate Court to show that all the questions of fact submitted to it were decided cannot be assigned for error in the Supreme Court, the question being whether the *judgment* is erroneous.

*Strodtmann* v. *County of Menard,* 56 Ill. App. 120, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Menard county; the Hon. CYRUS EPLER, Judge, presiding.

On December 19, 1892, the county of Menard, which is not under township organization, had an empty treasury, and on said day its board of county commissioners, in regular session convened, adopted the following order:

"STATE OF ILLINOIS, } *ss.*
  *Menard County.*  }

"The board of county commissioners of Menard county, State of Illinois, met in regular session December 19, A. D. 1892. As there is no money in the treasury of Menard county, Illinois, to meet and defray the ordinary and nec-

essary expenses of the county during the current year, it is thereby ordered by the board of county commissioners of this county that two warrants, one for the payment of three thousand ($3000) dollars, and one for the payment of two thousand ($2000) dollars, both due and payable on the first day of May, 1893, to the bearer thereof, be drawn and issued by the said county, under the hand and official seal of the clerk of said county, and countersigned by the treasurer of said county, against and in anticipation of the collection of twenty-three thousand five hundred ($23,500) dollars of taxes levied by said county board on the fourth day of September, A. D. 1892, for the payment of the ordinary expenses of said county, directing said county treasurer to pay the same out of said tax levy. It is further ordered that said county treasurer set apart and hold of said taxes, when collected, a sufficient amount to pay said warrants when presented."

Prior to the passage of this order the nominal plaintiff herein, J. G. Strodtmann, had agreed to loan the county the sum of $2000, and the First National Bank of Petersburg had contracted to loan it the sum of $3000, and the order above set forth was passed in order to procure such loans. In pursuance of such agreement and order of the board the county clerk of the county issued and delivered to said Strodtmann the following instrument in writing or county warrant:

"STATE OF ILLINOIS,  } ss.
   *Menard County.*  }

"Board of county commissioners, December session, 1892, No. c1303.

"Treasurer of said county pay to J. G. Strodtmann or order two thousand dollars for money advanced, out of moneys in the treasury not otherwise appropriated.

                    H. M. LEVERING, *County Clerk.*
"Countersigned:  E. R. OELTJEN, *County Treasurer.*"

On the 29th day of December, 1892, Strodtmann borrowed $3000 from the beneficial plaintiff, the Illinois Trust and Savings Bank of Chicago, executed his note therefor, and as collateral security for its payment endorsed said instrument or warrant as follows:

"For value received, I hereby assign the within warrant to the Illinois Trust and Savings Bank this 29th day of December, 1892.           J. G. STRODTMANN."

And delivered it, so endorsed, to said bank. The bank retained possession of Strodtmann's note, and the collateral intended to secure it, until November, 1893, when the note and warrant were sent to the First National Bank of Petersburg for collection. Strodtmann, who was a banker at Petersburg, failed to pay the note. Payment of the order or warrant was demanded of the county, and being refused this, an action of assumpsit was instituted in the name of Strodtmann, for the use of the bank, against the county, to recover the sum of money named in the order or warrant, and in the order of the county under which it was issued. The cause was submitted to the court without a jury, and judgment rendered against the plaintiff and in favor of the defendant county. The plaintiff thereupon appealed to the Appellate Court for the Third District, and that court affirmed the judgment below. To reverse those judgments this appeal is brought.

BLANE & BLANE, for appellant.

CHARLES NUSBAUM, and N. W. BRANSON, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

The questions of fact involved in this suit have been conclusively settled adversely to appellant by the judgments of the circuit and Appellate Courts.

Judging from the arguments of counsel and the evidence appearing in the record, at least two principal defenses to the action were interposed in the trial court:

First, want of power in the county to borrow money and issue a warrant for the amount so borrowed; and second, payment by the county. It does not appear, however, upon which of these two theories of defense the finding of the court against the plaintiff was based.

Appellant claims in this court that the trial court erred in that it admitted incompetent testimony in behalf of appellee and excluded competent testimony offered in his behalf, but he does not indicate what these supposed errors are, or suggest why or wherein any error was committed. We cannot, therefore, consider this assignment of error. (*Rice* v. *Heap*, 151 Ill. 264; *Chicago City Railway Co.* v. *Van Vleck*, 143 id. 480; *Razor* v. *Razor*, 142 id. 375.) And even if the specific grounds of objection were pointed out in this court it would avail nothing, for although general errors were assigned in the Appellate Court which would cover erroneous rulings in admitting or refusing to admit testimony, yet the attention of that court was called to no rulings in that behalf claimed to be erroneous. The Appellate Court, then, knew not where to look for the alleged errors or in what they were supposed to consist. This was a waiver and abandonment, on the part of appellant, of that assignment of error. Supposed errors waived or abandoned in the Appellate Court cannot be revivified in this court and raised here for the first time. *Goldie* v. *Werner*, 151 Ill. 551; *Harris* v. *Shebek*, id. 287; *Wabash, St. Louis and Pacific Railway Co.* v. *McDougal*, 113 id. 603.

To the trial court, before whom the cause was heard without the intervention of a jury, no written propositions of law were submitted to be held as applicable to or governing the case, thus raising questions of law.

Appellant insists that the Appellate Court did not decide all the questions of fact submitted to it, and urges such alleged failure for error. There is nothing in the judgment order of that court to show that all the questions of fact submitted for its determination were not

passed upon, and error cannot, of course, be assigned on the *opinion* of the Appellate Court. We cannot inquire whether there is error in the language used in the opinion filed by that court, but only whether there is error in the rendering of the judgment. *Ohio and Mississippi Railway Co.* v. *Wangelin*, 152 Ill. 138; *Pennsylvania Co.* v. *Versten*, 140 id. 637.

There. being thus no question of law properly before us for consideration, we cannot do otherwise than affirm the judgment of the Appellate Court, which we accordingly do.                                   *Judgment affirmed.*