GAY DORN

v.

JOHN B. ROSS, Exr.

*Opinion filed December 21, 1898.*

177   225
85a 515
85a 521

177   225
88a 288

177   225
89a ¹623

177   225
99a ¹350

177   225
109a ¹290
109a ¹505

177   225
f113a²327

1. APPEALS AND ERRORS—*assignments of error not insisted upon are waived.* Assignments of error upon the record which are not argued or presented in the briefs are waived.

2. SAME—*an objection that testimony is not signed must be made below.* An objection that the testimony before the master was not signed by the witnesses nor their signatures waived must be made below.

3. SAME—*when want of proof of appointment of a substituted executor cannot be urged.* A defendant whose answer fails to deny a previous suggestion on the record of the death of the complainant and the appointment and substitution of his executor, and who makes no objection to the proceeding in the name of the executor, cannot, on appeal, urge a want of proof of such death and appointment.

4. SOLICITORS' FEES—*proof of reasonableness of stipulated fee is not required in the first instance.* It is not error for the court to allow a stipulated solicitor's fee in foreclosure without proof of its reasonableness, in the absence of any offer to show the contrary.

5. EVIDENCE—*note and deed of trust are prima facie evidence of amount due.* The amount due on a note secured by trust deed is a matter of computation by the master when the instruments are offered in evidence, and they are *prima facie* sufficient to authorize the master to find and report the amount.

*Dorn v. Ross,* 77 Ill. App. 223, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

CHARLES PICKLER, for appellant.

MANN, HAYES & MILLER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The following statement of this case is made by the Appellate Court:

"Isom Ross, the owner of a principal promissory note of $4000 made by C. E. Dorn and G. Dorn, payable to

177—15

their own order and by them endorsed, dated October 5, 1892, due in three years after date, bearing interest at six per cent per annum, payable semi-annually, and evidenced by six coupon notes for $120 each, and bearing interest at seven per cent per annum after maturity, all secured by a trust deed made by said Dorns and Thomas Scanlan, as trustee, on lots 19 and 24, in block 1, in Columbia addition to South Shore, in Cook county, Illinois, together with said Scanlan, filed a bill July 1, 1896, in the superior court of Cook county, to foreclose said trust deed against the said Dorns and others. December 18, 1896, the death of said Ross was suggested, and his executor, John B. Ross, was substituted for deceased as a party complainant, and thereafter the cause proceeded in the name of the said executor, as a co-complainant with said Scanlan. The defendants not defaulted answered the bill, and after replication was filed the cause was referred to a master to take proof and report the same with his conclusions thereto. The master, after taking evidence, reported it with his conclusions, showing that there was due to said executor on said notes, principal and interest, for taxes paid on said premises, and for solicitor the amount of $200, in all the sum of $4683.58; that the same was secured to be paid by said trust deed, and that complainants were entitled to a decree of foreclosure. Exceptions to the master's report were overruled and a decree of foreclosure in accordance with the master's report entered, from which Gay Dorn has appealed. He has made eight assignments of error, but by his brief he claims, first, that there is no evidence that John B. Ross is the executor of Isom Ross; second, that there is no evidence justifying the allowance of $200 solicitor's fees; third, that there is no evidence showing any amount due on the principal note and coupons; and fourth, that the witnesses did not sign their depositions before the master nor were the signatures waived, and their testimony was therefore inadmissible."

The Appellate Court overruled the errors assigned, and affirmed the decree of the superior court, from which judgment this appeal is prosecuted.

We concur in the views expressed in the opinion of WINDES, J., holding that the pretended abstract is wholly insufficient under the rules of that court as well as of this court, and are further of opinion that in no proper view of the record can the errors insisted upon be sustained.

It appears from the abstract that after the bill was filed, and before answers, Isom Ross, the complainant, died, and on suggestion of his death "and appointment of John B. Ross as his executor the latter was made complainant." Thereafter answers were filed, making no denial of the fact of death or the appointment of an executor. Nor does the record show any objection thereafter to the proceeding in his name. Appellant cannot now be heard to say that there was no proof made of the death of the original complainant and the appointment of the substituted executor. *Stebbins* v. *Duncan*, 108 U. S. 32.

It is not denied that the trust deed provided for the allowance of a solicitor's fee of $200 in case of foreclosure. The master, in his report, found that that amount was due as solicitor's fee and recommended its allowance. In the objections filed before the master and re-filed before the court as exceptions to his report, no objection whatever is made to the reasonableness of such fee, nor does it appear that the defendants in any way offered to question the fairness of that amount by proof. It was not necessary, under these circumstances, for the complainant to prove, in the first instance, that it was a proper compensation for the services of his attorney in foreclosing the mortgage. (*Haldeman* v. *Massachusetts Life Ins. Co.* 120 Ill. 390; *Sweeney* v. *Kaufmann*, 168 id. 233.) Where the parties expressly contract for a fixed amount as attorney's or solicitor's fee, and that contract appears in evidence, it cannot be said that there is no proof of the reasonableness of such amount.

When the notes and trust deed were offered in evi-
dence before the master the amount due thereon rested in
computation, and amounted to sufficient *prima facie* proof
of that amount.    It was not necessary that a witness
should compute the amount due and testify to it, in order
to authorize the master to find and report it.

The objection that the witnesses testifying before the
master did not sign nor were their signatures waived,
is not true, as a matter of fact, as shown by the master's
report.    His certificate is that their testimony was re-
duced to writing, and by such witnesses "read at the time
and sworn to before me, except where the signature to the
deposition was waived by stipulation of counsel."    But
if it were otherwise, the question that the evidence was
not signed or waived cannot be raised for the first time
in the Appellate Court or this court.    *Jones* v. *King*, 86
Ill. 225.

As stated above, these are the only errors insisted
upon in the Appellate Court or urged here, and neither of
them is well assigned.    Other errors assigned upon the
record, but not presented or insisted upon, are waived.
*Strodtmann* v. *County of Menard*, 158 Ill. 155.

Counsel for appellee insist that it sufficiently appears
that this appeal is prosecuted simply for delay, and that
therefore damages should be awarded to the appellee, as
provided in section 23 of chapter 33 of the Revised Stat-
utes.    While the grounds relied upon for a reversal of the
decree and judgment below are wholly untenable, we are
not prepared to say that it sufficiently appears that the
appeal was for delay only, to authorize the infliction of
the penalty provided by the statute.

Upon the merits we entertain no doubt that the judg-
ment of the Appellate Court affirming the decree of the
superior court is right and should be affirmed.

*Judgment affirmed.*