### Warren Springer et al. v. John Cochrane et al.

1. SOLICITOR'S FEES—*Rule in Allowing.*—The rule concerning the allowance of solicitor's fees in foreclosure cases, where the parties have stipulated in the mortgage the amount thereof, is that the mortgagor and his grantees shall be concluded by the amount agreed upon, unless it appears that the amount was inserted as a cover for usury, unreasonable, excessive, or is obnoxious as a penalty.

Springer v. Cochrane.

**Foreclosure of a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 20, 1899.

W. N. Gemmill, attorney for appellants.

Bayley & Webster, attorneys for appellees.

Mr. Justice Shepard delivered the opinion of the court.

The only one of the assigned errors that is argued, is that which questions the allowance of solicitor's fees.

The suit was to foreclose a trust deed in the nature of a mortgage of real estate to secure $20,000, a part of the purchase money agreed to be paid for the mortgaged premises.

The appellant is grantee of the premises subsequent to the mortgage. The trust deed provides that in case of a foreclosure and sale of the premises, a solicitor's fee of five per cent upon the amount secured shall become a charge upon the premises and be paid.

The decree found a sum in excess of $22,000 to be due, exclusive of solicitor's fees, and allowed $1,000 for complainant's solicitor's fees.

Three lawyers of extensive experience, practicing at the Chicago bar, testified, in behalf of appellees, that $1,000 is a reasonable, usual and customary fee for the services and responsibilities involved, and no one was called to testify to the contrary.

The rule concerning the allowance of solicitor's fees to the complainant in foreclosure cases, when the parties have stipulated in the mortgage the amount thereof, is that the mortgagor, and his grantees, shall be concluded by the amount agreed upon, unless it appears that the amount was inserted as a cover for usury, or is unreasonable or excessive, or is obnoxious as a penalty. Heffron v. Gage, 149 Ill. 182, and cases there cited; Stone v. Billings, 167 Ill. 170; Guignon v. Union Trust Co., 156 Ill. 135; McMannomy v. C., D. & V. R. R. Co., 167 Ill. 497; Shaffner v. Healy, 57 Ill. App. 90.

This court may, under some of the above cited authorities, inquire into the reasonableness of the solicitor's fees allowed by the decree, and fix them at such a sum as would be commensurate with the services performed, skill and care required and responsibilities assumed, and we have examined the record to ascertain whether this is a proper case for our interference, with the result that we consider the sum allowed as not being so excessive as to demand a disturbance of the decree.   It will therefore be affirmed.