David E. Town v. Belle E. Alexander, William T. Miller, Martha J. Boardman et al.

1. PARTIES—*In Foreclosure Suits.*—The holder of the indebtedness secured is a proper party to file a bill to foreclose a trust deed.

2. SOLICITOR'S FEES—*In Foreclosure Suits.*—Where a trust deed makes provision for a solicitor's fee the object of the provision is to pro-

vide for such fees in case the grantor fails to pay the debt, and the liability remains the same, whether the bill to foreclose is filed in the name of the trustee or of the holder of the notes.

3. Equity Practice—*Foreclosure of Prior Mortgage on Cross-bill.*— A junior mortgagee can not, by filing a bill to foreclose his mortgage, compel the foreclosure of a prior mortgage, but the holder of such mortgage may answer and file a cross-bill to foreclose the prior mortgage.

4. Appellate Court Practice—*Statutory Damages on Affirmance.*— Where an appeal or writ of error is prosecuted only for delay, a motion to affirm the judgment or decree, with statutory damages, is proper.

5. Same—*Statutory Provisions.*—Section 27, Chapter 37, R. S., provides that the process, practice and pleadings in the Appellate Court shall be the same as is prescribed, or which may hereafter be prescribed, for the Supreme Court, so far as applicable.

**Foreclosure of a Trust Deed.**—Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed, with statutory damages, Mr. Justice Shepard not concurring in the award of damages. Opinion filed November 21, 1899.

Charles Pickler, attorney for appellant.

J. L. Ray, attorney for appellee Miller; S. S. Page, of counsel.

George W. Miller, attorney for appellee Alexander.

James R. Mann, attorney for appellee Boardman.

Mr. Justice Shepard delivered the opinion of the court.

This is a decree entered upon a bill and a cross-bill filed, respectively, to foreclose certain trust deeds in the nature of mortgages. The appellant is the grantee of the mortgaged premises.

The original bill filed was by the appellee Belle E. Alexander, the holder of the notes secured by the trust deed which she sought to foreclose.

That trust deed covered the whole of a certain lot numbered fourteen, the east fifty feet of which, it was specifically averred by the bill, was covered by a prior trust deed to secure $10,000. Neither the holder of the note secured by the prior trust deed, nor the trustee thereunder, was

made a party to the original bill, nor was it necessary that either of them should be. The appellee Martha J. Boardman was the holder of the note secured by the prior trust deed, and she came into the original suit as a defendant, and answered the bill, and filed a cross-bill to foreclose such prior trust deed.

The decree was in accordance with the prayers of the bill and cross-bill.

The argument of appellant is directed to four propositions, viz., (1) that because of the provision in each trust deed — that in case of default, a bill to foreclose might be filed in the name of the trustee — and no provision being made that the holder of the notes might file such bill, it was error to sustain either bill in the name of the note holder; and (2) that the bills not being filed in the name of the trustees there is no authority for the allowance of solicitor's fees; and (3) that a solicitor's fee for filing the Boardman trust deed was not allowable, because all the relief sought thereby could have been had under Boardman's answer to the original bill; and (4) that the amount of the solicitor's fee under the Boardman cross-bill is unreasonable.

We will not stop to cite authority that the holder of the indebtedness secured by a trust deed is a proper party to bring a bill to foreclose the trust deed—a practice that has been sanctioned ever since the question was first raised.

As to the second proposition, the case of Cheltenham, etc., v. Whitehead, 128 Ill. 279, is conclusive. The trust deed in that case, as in this one, made express provision for a solicitor's fee in case of the bill being filed in the name of the trustee, or otherwise, and the bill there was filed by the holder of the note. The court held that the object of the provision was to provide for solicitor's fees in case the mortgagor should fail to pay the debt and the holder of the indebtedness should be compelled to foreclose in order to collect the debt, and that the liability of the mortgagor for solicitor's fees was in no manner changed, whether the bill was filed in the name of the trustee or of the note holder.

Upon the third proposition, it must be borne in mind that the Boardman trust deed constituted a lien upon a portion of the premises prior to the one to foreclose which the original bill was filed. It was so admitted to be by the allegations of the original bill. It is well understood that a junior mortgagee can not, by filing a bill to foreclose his mortgage, compel the foreclosure of a prior mortgage. So here, the prior mortgage not being subject to foreclosure under the original bill, it was proper, when the holder of the prior mortgage came into the original suit and answered and filed her cross-bill to foreclose the prior mortgage, that solicitor's fees should be allowed. Shaffner v. Appleman, 70 Ill. App. 684; same case, 170 Ill. 281.

The additional contention, that the amount allowed for solicitor's fees under the Boardman cross-bill was unreasonable, can not be sustained. The trust deed expressly stipulated the sum that was allowed, and it was testified by a practicing lawyer, who was called as a witness for appellee, that such sum was less than the ordinary, usual and customary fee. No evidence to the contrary was offered. Dorn v. Ross, 177 Ill. 225.

So far as appears, the decree is right in every respect.

The appellees Alexander and Boardman have, respectively, moved to have the decree affirmed, with statutory damages of ten per centum upon the amount found to be due them, respectively, or so much thereof as this court may deem to be reasonable and just, upon the ground that the appeal has been taken only for delay. A majority of the court are of the opinion that the motion is well founded, and should be granted, for the following reasons:

The points presented by appellant and urged as reasons for reversal are without merit, as has been heretofore expressly decided before this appeal was taken. It is a waste of time to compel this court to restate and reaffirm decisions which should, at least, have been considered by appellant's counsel before he filed his brief or perfected his appeal. By the provisions of Rev. Stat., Chap. 33, Sec. 23, relating to costs, ten per centum on the amount of the judgment or decree appealed from may be decreed to the

appellant upon affirmance, "provided the Supreme Court shall be of opinion that such appeal or writ of error was prosecuted only for delay."

The Appellate Court act (Sec. 27, Chap. 37, Rev. Stat.) provides that the process, practice and pleadings in the Appellate Court " shall be the same as the process, practice and pleadings now prescribed, or which may hereafter be prescribed, in and for the Supreme Court," so far as applicable. It has been held that Secs. 23 and 24, Chap. 33, Rev. Statutes, in relation to costs, entitle an appellee to damages where the appeal appears to have been only for delay. Neagle v. Dawson, 64 Ill. App. 538-9.

We are compelled to regard the appeal in this case as prosecuted for delay. The decree of the Superior "Court will therefore be affirmed, and judgment entered against appellant in favor of appellees Alexander and Boardman, respectively, for two and a half per centum on the amount found due by the decree to said appellees, respectively, excluding solicitor's fees.

The writer of the opinion upon the main question, considers Sec. 23, Chap. 33, Rev. Stat., above referred to, as penal in its character (Hamburger v. Glover, 157 Ill. 521), and because it is penal in character, entertains so much doubt of the power there conferred upon the Supreme Court having been been extended to the Appellate Court by the other acts referred to, that he does not concur with the majority of the court in awarding damages to appellees. Affirmed, with statutory damages.