## Harriet A. Dorn v. Robert Smith, Trustee, and George Newkirk.

1. EQUITY PRACTICE—*Answers Not Filed in Time.*—An answer in a chancery proceeding not filed within the time limited by the court, and not until after notification for a default and reference to a master had been served, will be stricken from the files.

2. APPELLATE COURT PRACTICE—*Statutory Damages to be Allowed*

*only When Moved for.*—Where no claim is made or motion presented for statutory damages, when an appeal is taken for delay, such damages can not be awarded.

3. STATUTES—*Construction of Section 23, Chapter 33, R. S.—Costs.*—Sec. 23, Chap. 33, R. S., providing that if a judgment or decree be affirmed in the whole on error or appeal, the party prosecuting the writ of error or appeal shall pay to the opposite party a sum not exceeding ten per centum of the amount of the judgment or decree, in the discretion of the court, and have judgment and execution therefor, etc., is applicable to the Appellate as well as to the Supreme Court.

**Bill to Foreclose a Trust Deed** (three cases consolidated). Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Mr. Justice HORTON not concurring in that part of the opinion awarding statutory damages, etc. Opinion filed November 21, 1899.

CHARLES PICKLER, attorney for plaintiff.

J. S. SCOVEL, attorney for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In this case a bill in chancery was filed by appellees July 14, 1897, to foreclose a trust deed given by appellant to secure the payment of two promissory notes made by her for the principal sum of $250 each. February 23, 1898, it was ordered by the court that the demurrer filed by appellant to said bill of complaint be overruled, and that appellant answer said bill within twenty days from that date. May 2, 1898, appellant filed what is called an answer. It simply denies the execution of the notes and trust deed—is not verified—and denies that appellee is entitled to the relief prayed. There are seven lines in this answer.

May 3, 1898, it was ordered by the court that said answer be stricken from the files because it had not been filed within the time limited by the court and not "until a notification for a default, and for a reference to a master in chancery had been served."

Afterward, and on said third day of May, the default of all the defendants was entered, and the cause referred to a master to take proofs and report the same with his conclusions. Upon the hearing before the master the solicitor for appellant ostensibly appeared for Mr. Town, who is apparently only a nominal defendant. Upon the coming in of the master's report objections thereto were filed by the same solicitor for all of the defendants, which were very properly overruled, and a decree entered July 12, 1898. No error is assigned in this court for the overruling of same.

The only errors assigned are that the trial court erred in striking said answer from the files and entering default, and in entering decree upon the bill taken as confessed.

The so-called "brief and argument" filed in this court is less than two pages, including what we assume is intended to be taken as a statement of facts. The only thing which justifies calling it a "brief" is its brevity, and it contains no "argument" other than the use of the word. No points are made and no reference is made to the alleged errors assigned. Neither is there a single authority cited or referred to. The decree of the Superior Court will be affirmed.

Said notes were given to secure the payment of a part of the purchase money due for the property described in said trust deed and said decree. Said notes are dated August 2, 1890. No interest was ever paid upon either of them; hence, nearly eight years' interest is included in said decree. It also appears that the holder of said notes has paid special assessments and the taxes upon said premises all the time since said trust deed and notes were made. There is nothing in the record tending to show that appellant has any legal or equitable defense to the claim of the holder of said notes, nor is there any pretense in the so-called "brief and argument" that there is any such defense or any legal or equitable ground for this appeal. A year elapsed between the time of filing the bill and the entry of the decree. And the so-called "abstract of record" is trifling. A record of over thirty pages is condensed into a little over two pages.

Twelve pages of the record are omitted entirely at one jump.

Every ear-mark indicates trifling with the courts, and tends to show that this appeal is for delay, and for that purpose only.

The court is unanimous in the conclusion that the appeal in each of the above entitled causes is prosecuted only for delay, and that each of said decrees should be affirmed.

No claim is made or motion presented by appellees asking that statutory damages be allowed. A majority of the court are of the opinion that because not asked by appellee such damages should not be awarded.

Sec. 23, Chap. 33, Rev. Stat. of Ill., entitled " Costs," is as follows :

" In every such case, if the judgment or decree be affirmed " in the whole, the party prosecuting such writ of error or " appeal shall pay to the opposite party a sum not exceed- " ing ten per cent of the amount of the judgment or decree " so attempted to be reversed, at the discretion of the court, " and in addition to the costs shall have judgment and exe- " cution therefor; provided, the Supreme Court shall be of " opinion that such appeal or writ of error was prosecuted " for delay."

A majority of the court are of opinion that this statute, which was originally passed long prior to the statute creating this court, is now applicable to this court as well as to the Supreme Court.

The writer is unable to concur in the opinion of the majority that this court should not award statutory damages for the reason that the court is not asked so to do by the appellees in these particular cases.

The section of the statute above quoted is penal in its character. (Hamburger Co. v. Glover, 157 Ill. 521.) True, the statute says that " the party presenting such writ of error or appeal shall pay to the opposite party a sum not exceeding," etc.

The character of the statute is not changed for the reason that "the opposite party" mentioned therein does not ask the court to enforce it. It is still a statute "penal in its

character." Upon whom does the duty rest of seeing that statutes of this character are enforced, if not upon the courts ?

But this court is requested by attorneys having other cases upon the docket to enforce this statute. These particular cases are pointed out by the attorneys making such request.

With that section of the statute in full force, and in the crowded condition of the docket of this court, a duty rests upon this court in this matter, at this time, with special weight. That duty is to the public generally, and to the legal profession, as well as to litigants. Members of the legal profession, representing parties with cases pending upon the docket of this court, request the court simply to do its duty.

Delay is sometimes, indeed it is quite frequently, a denial of justice. If the docket of this court is to be incumbered with such cases as these, and this court fails to do its duty in the premises, when requested to do so by persons interested in having the docket unincumbered, litigants have a right to feel aggrieved. As re-affirmed in the Constitution of this State, every person ought to obtain, by law, right and justice "promptly and without delay." It should not be the fact that a person so situated as to be able to give bonds and thus perfect an appeal, may do so, when it is done only for delay, the result of which may be to ruin the other party to the litigation, because he is thus deprived of his just dues. It was no doubt, in part at least, to prevent such proceedings and to empower the courts to require compensation to be made up to a fixed limit, that the legislature adopted said Sec. 23 and Sec. 73, Ch. 110 of the Rev. Statutes.

In Hamburger Co. v. Glover, *supra* (157 Ill. 521), the Supreme Court, while holding that damages should not in that case be allowed under said Sec. 73, Ch. 110, says that " If the appeal or writ of error were prosecuted for delay, damages are recoverable at the discretion of the court, under Sec. 23, Ch. 33, of the statute." That was a bill in chancery to foreclose a mortgage.

In Dorn v. Ross, 177 Ill. 225, 228, also a case of a bill to foreclose, the Supreme Court clearly intimates that statutory damages may be allowed under said Sec. 23, in a foreclosure proceeding, but holding that in that case it did not sufficiently appear that the appeal was for delay only.

This court was established to aid and relieve the Supreme Court in the final disposition of suits. The docket of that court had become so congested that it was impossible for the court to do justice to itself and to litigants, and promptly dispose of the cases brought before it. For the same reason that the legislature adopted said Secs. 23 and 73, it established this court; that is, to prevent delays in the administration of justice. This court was not established as a way station on the road to the Supreme Court, or to add to the delay and expense of litigation. The writer is of opinion that this court is, under the statute, authorized to exercise the power nominally reposed in the Supreme Court by said Sec. 23. Sec. 24 of the same chapter provides that " where a judgment or decree shall be reversed in part and affirmed in part, the costs shall be apportioned between the parties, according to the discretion of the Supreme Court." It is believed that this section of the statute has been acted upon, not infrequently, by the Appellate Courts of this State. Why should such Appellate Courts act under one section and not under the other?

Not only should the decree of the Superior Court be affirmed, but judgment for statutory damages should also be entered. But as stated, a majority of the court are not in favor of entering such judgment.

The decree of the Superior Court in each of said cases is affirmed.