## Edward P. Baker v. John A. Prebis.

1. DAMAGES—*When an Appeal is Prosecuted for Delay.*—Where the court is of the opinion that an appeal is prosecuted for delay, it is proper to order that the decree be affirmed, and judgment entered against appellant in favor of appellee for damages.

Baker v. Prebis.

2. Solicitor's Fees—*In Foreclosure Suits.*—Where a trust deed makes provision for a solicitor's fee, the object of the provision is to provide for such fee in case the grantor fails to pay the debt, and the liability remains the same, whether the bill to foreclose is filed in the name of the trustee or of the holder of the notes. Town v. Alexander, 85 Ill. App. 512, followed.

Foreclosure.—Appeal from the Superior Court of Cook County: the Hon. Henry V. Freeman, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed January 2, 1900, and judgment entered for $100 damages.

Charles Pickler, attorney for appellant.

Lackner, Butz & Miller, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

This appeal is from a decree of sale entered in a suit to foreclose a trust deed, in the nature of a mortgage, upon real estate.

The bill was filed by the holder of the notes secured by the trust deed and the trustee was made a party defendant.

In addition to the amount found due for principal and interest, the decree includes, as due to appellee, the sum of sixty dollars for insurance premium paid by him, and one hundred dollars for his solicitor's fees. The appellant is the grantee of the mortgagors and is the owner of the premises, subject to the trust deed.

The only points he makes against the decree are, (1) that the bill was filed by the holder of the notes, and not by the trustee, or by joining him as a party complainant; (2) that the evidence was not sufficient as to appellant to justify the finding that the insurance premium of sixty dollars was due; and (3) that it was inequitable as against appellant, to allow one hundred dollars for solicitor's fees. There was no error in such respects.

The cases of Town v. Alexander, 85 Ill. App. 512, Springer v. Cochrane, 84 Ill. App. 644, and Hough v. Wells 86 Ill. App. 186, furnish all the answer that is needed to the first and third points. And as to the second point, the

cases of Baker v. Jacobson (No. 8231, filed June 29, 1899) and Baker v. Aalberg (No. 8232, filed June 29, 1899), the facts there being substantially the same as here, are decisive. The decree seems to be in all respects correct and proper, and should be affirmed.

Appellee's motion, that in case the decree should be affirmed in whole, judgment in his favor and against the appellant for ten per centum upon the amount of the decree of the Superior Court, should be entered, and execution awarded therefor, was taken under advisement, and now claims our attention.

This court has recently held that it has the power to give judgment in accordance with the motion, in cases where it is of opinion an appeal is prosecuted for delay. Town v. Alexander, 85 Ill. App. 512; Hough v. Wells, 86 Ill. App. 186. And such holdings are the law for this court, notwithstanding Baker v. Jacobson, *supra*, and Baker v. Aalberg, *supra* (lately called to our attention), where the power is denied; and being of opinion that this appeal is prosecuted for delay, it is ordered that the decree be affirmed, and judgment entered against appellant in favor of appellee for one hundred dollars, being a sum less than two per centum on $5,179.27, the amount found due by the decree of the Superior Court, and that execution issue therefor. Affirmed, and judgment entered for one hundred dollars damages.

Mr. Justice FREEMAN, having participated in the case below, does not take part here.