## William L. Wallen v. Silas M. Moore and Margaret Lawrence.

1.  APPELLATE COURT PRACTICE—*When Objections Come Too Late.*— An objection that a witness did not sign his deposition taken before the master comes too late in this court.

2.  STATUTORY DAMAGES—*When Appeals Are Prosecuted for Delay.* —Where appeals are prosecuted for delay a motion for statutory damages may be granted.

Bill to Enforce Trust Deeds.    (Two cases.)—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed.    Opinion filed April 4, 1900.

CHARLES PICKLER, attorney for appellant.

ULLMANN & HACKER, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

These cases are practically identical with each other and also with a third case, having the same title and parties in which our opinion was filed March 13th inst. (No. 8507). The brief or argument in behalf of appellant is the same in all three cases, and is set forth in full in the opinion referred to.

The suits were brought by appellee Moore, to foreclose trust deeds made to secure certain notes which had pre-

viously matured.  The property was also in each case subject to second trust deeds made to secure notes held by appellee Margaret Lawrence.  The master found, and the decrees provided, that appellee Moore is entitled to a decree of foreclosure and to have the amount found due him paid out of the proceeds of sale; and that if there be any surplus, appellee Lawrence is entitled to have it applied upon her debt.

This is right, and amply justified by the evidence.  The first objection by appellant's counsel, that a witness did not sign his deposition taken before the master, is made for the first time in this court and comes too late.  Hough v. Wells, 88 Ill. App. ——; Baker v. Mayo, 88 Ill. App. ——; Dorn v. Ross, 177 Ill. 225 (228).

The second objection is that the master erred in finding appellee Margaret Lawrence " entitled to have the amount due her entered as a lien *in toto* against block three alone," when it was "a lien against six different blocks, five of which were not referred to in the bill."  To this it need only be said that the master found said appellee entitled to have the amount due her satisfied out of the surplus. Mrs. Lawrence filed no cross-bill, and no foreclosure or sale was ordered in her behalf.  Appellant could have stopped the sale by payment of the amount found due appellee Moore under his prior mortgage.  This not having been done, and Mrs. Lawrence having a lien upon block three as well as the other blocks, was of course entitled to any surplus.

Appellee has filed his motion for statutory damages in each case.  As the appeals were evidently prosecuted for delay a majority of the court are of opinion that the motion should be granted, for reasons as stated in Town v. Alexander, 85 Ill. App. 512.  See also, Coats v. Barrett, 49 Ill. App. 275 (277); Baker v. Prebis, 185 Ill. 191.

The decrees of the Superior Court will be affirmed with an award in each case of two and one-half per centum on the amounts found due by the said decrees, respectively, in addition to the costs, for which appellee may have judgment and execution.