Eggleston v. Hadfield.

---

## Charles B. Eggleston et al. v. Abram H. Hadfield.

1. PRACTICE—*Proofs in Suits upon Official Bonds.*—In an action of debt upon a receiver's bond under a plea of *non est factum*, not sworn to, no proof is necessary except the bond itself and proof of payment of the costs in order to sustain the allegations of the declaration.

2. SAME—*Questions of Excessive Damages.*—Where the point of excessive damages is not made upon the motion for a new trial, it can not be made in the Appellate Court.

Debt, on a receiver's bond. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court, March term, 1900. Affirmed. Opinion filed April 16, 1901.

N. M. JONES, attorney for appellants.

B. W. ELLIS & SON, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This was a suit in debt brought upon an appeal bond executed by one Stevens, receiver, as principal, and the

appellants as sureties. The only plea remaining in the case at the time of the trial was one of *non est factum*, not sworn to.

Appellants claim it was error to proceed to the trial of the case without having first brought Stevens, the principal on the bond, into court, he having. neither been served with process nor entered his appearance. The point is not argued, but is only mentioned; nor are any authorities cited by appellants in support of it. We will be equally brief, and dismiss the point with the remark that we do not observe any error in the respect claimed.

The other points are (a) that no order of affirmance by the Supreme Court in the case in which the appeal bond was given, was offered in evidence; (b) that no testimony was offered and no proof of the amount due was made; and (c) that the judgment was excessive.

The only plea being *non est factum*, no proof was required to be made by appellee, except the bond itself and proof of payment of the costs, in order to sustain the allegations of the declaration. This required proof was made.

As to excessiveness of damages the point. was not made at the motion for new trial, and can not be made here for the first time. If the declaration in its statement of the amount of the bond varied from the recital contained in the bond, the variance should have been pointed out in the court below, where it could have been easily cured. It is not sufficient to first point it out in this court.

Appellants did not offer any evidence in support of their plea, and offered no evidence of any kind against appellee's right to have the judgment he obtained.

There was no attempt at a defense to the suit in the court below, and none here except as considered by us. Appellee asks us to award to him the damages which the statute authorizes in cases of frivolous appeals for the purpose of delay; and we think the case is one that justly demands it be done. Baker v. Prebis, 86 Ill. App. 334; same case, 185 Ill. 191.

The judgment recovered below was for a little more than $2,000; five per centum on that amount is $100.

The order is that the judgment of the Circuit Court be affirmed, and that appellee have judgment for $100 against appellants, as and for damages, for delay in the prosecution of this appeal, and that execution do issue therefor against appellants.

Affirmed, with damages.