## J. W. Trimble v. Andie Terril.

1. APPELLATE COURT PRACTICE—*Errors Assigned but Not Argued Are Abandoned.*—Errors assigned but not urged in the brief and argument of the appellant are waived, and will not be considered by the court.

2. SAME—*Instructions Should Be Numbered in the Abstract.*—Instructions given in the abstract of the record should always be correctly numbered.

Assumpsit, for commissions. Appeal from the Circuit Court of Schuyler County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

D. L. MOURNING, attorney for appellant.

B. O. WILLARD, attorney for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Appellee sued appellant in the Circuit Court of Schuyler County in an action of assumpsit to recover commissions for procuring a purchaser for appellant's farm, to whom it was sold for $16,000.

The case was tried by jury and resulted in a verdict and judgment in favor of appellee for $380.     Appellant brings the case to this court by appeal and, while assigning thirteen errors on the record, his counsel, in his printed brief and argument filed in this court, urges only the following three:

(1)   That the court admitted improper evidence.

(2)   Improperly modified appellant's tenth instruction; and,

(3)   Improperly refused appellant's thirteenth instruction.

We will consider only the three urged, because those not urged in the brief and argument of appellant, are waived, and for that reason need not be considered. Town of Grafton v. Mooney, 89 Ill. App. 623; Strodtmann v. County of Menard, 158 Ill. 155, and Dorn v. Ross, 177 Ill. 225.

It appears by the evidence that appellee is a real estate agent and he testifies that appellant employed him to find a purchaser for a farm which appellant desired to sell, and promised to pay him commissions therefor; that he did find a purchaser who bought appellant's farm and paid him $16,000 therefor. Appellant denied that he employed appellee to find a purchaser for his farm, but admits to having conversations and correspondence with him concerning the selling of the farm and to having given appellee a written statement of the rents it produced, and claims that he, appellant, found the purchaser to whom the farm was sold, without the aid or assistance of appellee; but a careful reading of the evidence and a due consideration of it convinces us that the jury were justified therefrom in finding in favor of appellee.

Counsel for appellant contends that the court, over his objection, improperly permitted the witnesses Jackson and Cole, to give their opinions as to the value of appellee's services in question. The bill of exceptions, however, shows that those witnesses were only allowed to state what was customarily paid for similar services at the time and place in question, which was proper under the issue tried.

In his printed brief and argument filed in this court in this case, counsel for appellant states on page 16 that he "thinks defendant's tenth instruction should have been given without modification, and that it was error in the court to give same as modified;" and on page 17 that "defendant's thirteenth instruction, which the court re-

fused, should have been given." The abstract of the record, while giving appellant's instructions both given and refused, does not give any numbers to them, and we are unable for that reason to ascertain to which instructions his counsel refers as tenth and thirteenth; but we have examined them all, and find the rulings of the court upon them, free from prejudicial error.

Finding no such error in this record as is urged by appellant the judgment of the Circuit Court will be affirmed.