(No. 14510.—Reversed and remanded.)

PHILIP DRAY, Plaintiff in Error, *vs.* THE FIRST NATIONAL BANK OF ALLEGAN, Defendant in Error.

*Opinion filed June 21, 1922.*

1. PRACTICE—*Appellate Court on dismissing appeal for failure to file record must assess damages.*  Under section 101 of the Practice act, upon the failure of an appellant to file authenticated copies of the record, as required by law, it is the duty of the Appellate Court to assess damages as provided in said section and to dismiss the appeal or affirm the judgment or decree.

2. SAME—*when decree is not for the recovery of money.*  A decree is not for the recovery of money, within the meaning of section 101 of the Practice act, where it provides merely that the defendant be enjoined from disposing of certain notes which he has in his possession and finds that he has no interest in the fund which the notes represent and which is held by a trustee in bankruptcy as money derived from a composition with the creditors of the estate.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

ISRAEL COWEN, for plaintiff in error.

MORRIS K. LEVINSON, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

A decree was entered in the superior court of Cook county ordering that Frank M. McKee, trustee in bankruptcy, pay to the defendant in error $4800, which sum the trustee held as money derived from a composition of the creditors of the estate of which he was trustee. The chancellor further ordered, adjudged and decreed that plaintiff in error, Philip Dray, had no right, title or interest in the funds or notes which constituted the basis for the composition, and permanently enjoined him from collecting or attempting to collect the proceeds so held by the trustee and from selling, assigning or delivering any of the composition notes, and ordered him to deliver and surrender possession of the composition notes to the clerk of the superior court of Cook county within two days from the date of the entry of said decree; that the master's fees in said cause, amounting to $269.39 for preparing his conclusions of law and fact and drawing a report to the court, and his further fees of $69.30 for taking testimony, be taxed as costs and added to the other and regular court costs, and that execution issue for all costs taxed in favor of defendant in error and against plaintiff in error and Paul Witkowski. From this decree plaintiff in error alone prayed an appeal to the Appellate Court for the First District, which was allowed upon giving bond as required by the court. The appeal bond was filed within the time prescribed by the court and approved. Plaintiff in error, however, failed to file with the Appellate Court on the day it should have been

filed a transcript of the record of the superior court, for which reason the Appellate Court, upon short record filed by defendant in error, dismissed the appeal and assessed damages, under section 101 of the Practice act, in the sum of $400 and costs, ordered execution thereon and directed that *procedendo* be awarded.

The only question presented by the assignment of error in this case is whether or not the decree entered by the superior court of Cook county is a decree for the recovery of money, and whether for that reason the Appellate Court was authorized to assess damages of not less than five nor more than ten per cent of the amount recovered in the trial court, under section 101 of the Practice act, for failure to file authenticated copies of the record, as required by law, or should have entered judgment for not less than $50 nor more than $250 damages.

The damages assessed by the Appellate Court are based upon section 101 of chapter 110 of our statutes, which is in the following language: "When appeals from judgments, orders or decrees for the recovery of money are dismissed by the Supreme or Appellate Court for want of prosecution, or for failing· to file authenticated copies of records, as required by law, or are affirmed for either of such causes, the court shall enter judgment against the appellants for not less than five (5) nor more than ten (10) per cent damages on the amount recovered in the trial court or inferior court. If the judgment, order or decree appealed from is not for the recovery of money, the Appellate or Supreme Court, as the case may be, shall, in case of dismissal or affirmance, for either of the causes in this section mentioned, enter judgment for not less than fifty (50) dollars, nor more than two hundred and fifty (250) dollars damages. The appellee shall be entitled to execution thereon as on other judgments."

From the foregoing section of the Practice act it is clear that it was the duty of the Appellate Court to assess dam-

ages for the failure of plaintiff in error to file authenticated copies of the record, as required by law. It was the duty of the Appellate Court, under these circumstances, to affirm the judgment or dismiss the appeal with damages. (*Chicago Federation of Musicians* v. *American Musicians' Union,* 234 Ill. 504.) If the decree entered in this cause against plaintiff in error is for the recovery of money then the judgment of the Appellate Court should be affirmed. If the decree is not for the recovery of money the decree should be reversed and the cause remanded to the Appellate Court, with directions to assess damages as provided in the foregoing section. An examination of the decree discloses that it contains no provision for the recovery of money against plaintiff in error. As to him the decree provides for an injunction against any disposition or transfer of the composition notes which the decree found to be in his possession, and orders him, within two days from the date of the entry of the decree, to surrender the notes to the clerk of the superior court of Cook county. The other provisions of the decree are matters necessary to determine what shall be costs and to order the same taxed as costs of the suit. There being no money decree entered against plaintiff in error there is no basis upon which to calculate damages provided for in the first provision of the above section. The statute by this method of calculation contemplates only cases in which a judgment, order or decree appealed from is one for the recovery of money against the appellant. (*Hamburger Co.* v. *Glover,* 157 Ill. 521.) The decree not being a money decree, damages on dismissal of the appeal should have been assessed in accordance with the second provision of said act.

For the foregoing reasons the decree is reversed and the cause remanded to the Appellate Court for the First District, with directions to enter judgment for not less than $50 nor more than $250, as provided by the foregoing section.

*Reversed and remanded, with directions.*